PROSKAUER ROSE LLP
Steven Hurd
Brian J. Gershengorn
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JENNIFER L. O'NEILL,                        :
                                             :
                                Plaintiff,   :   Civ. No.: 11 CIV 9128 (PGG)
-- against --                                :   ECF
                                             :
MERMAID TOURING INC. AND                     :   **ANSWER TO AMENDED**
STEFANI GERMANOTTA, a/k/a                    :   **COMPLAINT**
"LADY GAGA,"                                 :
                              Defendants.  :
-----------------------------------------------------------------x

      MERMAID TOURING INC. and STEFANI GERMANOTTA, ("Defendants"), state the following in Answer to and in defense of the allegations of the Plaintiff Jennifer L. O'Neill's ("Plaintiff") Amended Complaint ("Amended Complaint"):

### AS TO "INTRODUCTION"

1.    Portions of Paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 1 of the Amended Complaint.

2.    Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 2 of the Amended Complaint, except admit that Plaintiff purports to bring a lawsuit to recover unpaid overtime wages, premium wages,

liquidated damages, reasonable attorneys' fees, costs, pre-judgment interest and all other appropriate legal relief under the law.

## AS TO "JURISDICTION AND VENUE"

3. Admit each and every allegation contained in Paragraph 3 of the Amended Complaint.

4. Deny each and every allegation contained in Paragraph 4 of the Amended Complaint.

5. Deny each and every allegation contained in Paragraph 5 of the Amended Complaint.

## AS TO "THE PARTIES"

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7. Deny each and every allegation contained in Paragraph 7 of the Complaint, except admit that Defendant Mermaid Touring Inc. was incorporated in New York on or about April 7, 2008 and is presently located at 135 West 70th Street, Suite #1A, New York, New York 10023.

8. Portions of Paragraph 8 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 8 of the Amended Complaint, except admits that Defendant Mermaid Touring Inc. is engaged in commerce and has gross sales of not less than $500,000.00.

9. Paragraph 9 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 10.

11. Deny each and every allegation contained in Paragraph 11 of the Amended Complaint.

12. Portions of Paragraph 12 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 12 of the Amended Complaint.

13. Deny each and every allegation contained in Paragraph 13 of the Amended Complaint.

14. Paragraph 14 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 14.

## AS TO "FACTUAL ALLEGATIONS"

15. Deny each and every allegation contained in Paragraph 15 of the Amended Complaint, except admit that from February 4, 2010 through March 6, 2011 Plaintiff received paychecks for her work.

16. Deny each and every allegation contained in Paragraph 16 of the Amended Complaint, except admit Plaintiff worked as a personal assistant.

17. Deny each and every allegation contained in Paragraph 17 of the Amended Complaint.

18. Deny each and every allegation contained in Paragraph 18 of the Amended Complaint.

19. Deny each and every allegation contained in Paragraph 19 of the Amended Complaint.

20. Deny each and every allegation contained in Paragraph 20 of the Amended Complaint except admits that Plaintiff was an employee of Defendant Mermaid Touring Inc., from February 4, 2010 through March 6, 2011.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 21 of the Amended Complaint.

22. Deny each and every allegation contained in Paragraph 22 of the Amended Complaint.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 23 of the Amended Complaint.

24. Deny each and every allegation contained in Paragraph 24 of the Amended Complaint.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 25 of the Amended Complaint.

26. Deny each and every allegation contained in Paragraph 26 of the Amended Complaint except admit that Plaintiff received an annual salary of seventy-five thousand dollars ($75,000.00) from February 4, 2010 through March 6, 2011.

27. Deny each and every allegation contained in Paragraph 27 of the Amended Complaint.

28. Deny each and every allegation contained in Paragraph 28 of the Amended Complaint.

29. Deny each and every allegation contained in Paragraph 29 of the Amended Complaint.

30. Deny each and every allegation contained in Paragraph 30 of the Amended Complaint.

31. Deny each and every allegation contained in Paragraph 31 of the Amended Complaint.

32. Deny each and every allegation contained in Paragraph 32 of the Amended Complaint.

33. Deny each and every allegation contained in Paragraph 33 of the Amended Complaint.

## AS TO "FIRST CAUSE OF ACTION"

34. Defendants repeats and reallege their answers to Paragraphs 1-33 above as if set forth in full in response to Paragraph 34 of the Amended Complaint.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 35 of the Amended Complaint.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 37 of the Amended Complaint.

38. Deny each and every allegation contained in Paragraph 38 of the Amended Complaint.

## AS TO "SECOND CAUSE OF ACTION"

39. Defendants repeat and reallege their answers to Paragraphs 1-38 above as if set forth in full in response to Paragraph 39 of the Amended Complaint.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 40 of the Amended Complaint.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 41 of the Amended Complaint.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 42 of the Amended Complaint.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 43 of the Amended Complaint.

44. Deny each and every allegation contained in Paragraph 44 of the Amended Complaint.

## AS TO "THIRD CAUSE OF ACTION"

45. Defendants repeat and reallege their answers to Paragraphs 1-44 above as if set forth in full in response to Paragraph 45 of the Amended Complaint.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 46 of the Amended Complaint.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 47 of the Amended Complaint.

48. Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 48 of the Amended Complaint.

49. Deny each and every allegation contained in Paragraph 49 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

50. Plaintiff's claims are barred, in whole or in part, because she failed to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

51. If Defendants are found to have failed to pay Plaintiff any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that they had complied fully with the FLSA wage and hour laws and New York State Labor Laws, to the extent applicable, and have not engaged in any willful violations.

### THIRD DEFENSE

52. Plaintiff's claims are barred by the equitable doctrines of unclean hands.

### FOURTH DEFENSE

53. Defendants are entitled to a set-off as a result of any payments which were made to the Plaintiff as to which the Plaintiff was not entitled.

### FIFTH DEFENSE

54. Plaintiff's claims are barred, in whole or in part pursuant to 29 U.S.C. §213(a)(1).

### SIXTH DEFENSE

55. Plaintiff's claims are barred, in whole or in part pursuant to 29 U.S.C. §213(f).

### SEVENTH DEFENSE

56. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

## EIGHTH DEFENSE

57. Plaintiff's claims are barred by the equitable doctrines of laches and estoppel.

## NINTH DEFENSE

58. Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment to the extent Plaintiff had been overpaid for time worked or paid for time not worked.

## TENTH DEFENSE

59. Plaintiff's claim for damages is barred by accord and satisfaction in that Plaintiff has already received full payment of all monies due.

WHEREFORE, Defendants respectfully pray that the Court:

a. Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice;

b. Deny each and every demand and prayer for relief contained in Plaintiff's Amended Complaint;

c. Award Defendants their costs and reasonable attorneys' fees; and

d. Award Defendants any other and further relief as the Court deems just and proper.

Dated: June 22, 2012  
New York, New York

Proskauer Rose LLP

By:  /s/ Steven Hurd

Steven Hurd  
Brian J. Gershengorn  
Eleven Times Square  
New York, New York 10036  
Telephone: (212) 969-3000  
Facsimile: (212) 969-2900  
shurd@proskauer.com

*Attorneys for Defendant*