PROSKAUER ROSE LLP
Steven D. Hurd
Brian J. Gershengorn
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
*Attorneys for Defendants*
*and Non-Party Terry Richardson*

-------------------------------------------------------------x

| | | |
|---|---|---|
| JENNIFER L. O'NEILL, | : | |
| | : | |
| Plaintiff, | : | Civ. No.:  11 CIV 9128 (PGG) |
| | : | |
| -- against -- | : | ECF |
| | : | |
| MERMAID TOURING INC. AND | : | |
| STEFANI GERMANOTTA, a/k/a | : | |
| "LADY GAGA," | : | |
| Defendants. | : | |

-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA DIRECTED AT TERRY RICHARDSON

**TABLE OF CONTENTS**

**Page**

RELEVANT FACTUAL BACKGROUND......................................................................1

    A.   The Present Action...............................................................................1

    B.   The Non-Party Subpoena Served on Terry Richardson..................2

ARGUMENT.......................................................................................................3

    A.   Mr. Richardson and Ms. Germanotta Have Standing to Quash The Subpoena...........................................................................................3

    B.   Legal Standard......................................................................................4

    C.   The Subpoena Should Be Quashed Because It Is Overbroad On Its Face.......5

    D.   The Subpoena Should Be Quashed Because It Seeks Irrelevant Documents..6

    E.   The Subpoena Should be Quashed Because It Is Harassing Under The Circumstances............................................................................8

CONCLUSION..................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arias Zeballos v. Tan,*
No. 06-cv-1268, 2007 WL 210112 (S.D.N.Y. Jan 25, 2007) ....................................3

*Badr v. Liberty Mut. Group, Inc.,*
No. 3:06-cv-1208, 2007 WL 2904210 (D. Conn. Sept. 28, 2007)........................3, 5

*Bridgeport Music, Inc. v. UMG Recordings, Inc.,*
No. 05-cv-6430, 2007 WL 4410405 (S.D.N.Y. Dec. 17, 2007) ...............................4

*Concord Boat Corp. v. Brunswick Corp.,*
169 F.R.D. 44 (S.D.N.Y. 1996) ............................................................................4, 5

*Consolidated Rail Corp. v. Primary Indus. Corp.,*
92-cv-4927, 1993 U.S. Dist. LEXIS 12600 (S.D.N.Y. Sept. 10, 1993) ...................8

*Copantitla v. Fiskardo Estiatorio, Inc.,*
No. 09-cv-1608, 2010 WL 1327921 (S.D.N.Y. Apr. 5, 2010) ..................................4

*Fears v. Wilhemina Model Agency, Inc.,*
No. 02-cv-4911, 2004 WL 719185 (S.D.N.Y. Apr. 1, 2004) ....................................4

*GMA Accessories, Inc., v. Elec. Wonderland, Inc.,*
No. 07-cv-3219, 2012 WL 1933558 (S.D.N.Y. May 22, 2012) ................................6

*In re Biovail Corp. Secs. Litig.,*
247 F.R.D. 72 (S.D.N.Y. 2007) ...............................................................................4

*In re Gushlak,*
No. 11-mc-218, 2011 WL 3651268 (E.D.N.Y. Aug. 17, 2011) ...............................5

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP,*
03-cv-5560, 2008 U.S. Dist. LEXIS 77018 (S.D.N.Y. Oct. 2, 2008)....................5, 6

*Malinowski v. Wall Street Source, Inc.,*
No. 09-cv-9592, 2010 WL 4967474 (S.D.N.Y. Nov. 23, 2010)................................1

*Mirkin v. Winston Resources, LLC,*
No. 07-cv-02734, 2008 WL 4861840 (S.D.N.Y. Nov. 10, 2008).............................3

*Noel v. Bank of New York Mellon,*
No. 11-mc-216, 2011 WL 3279076 (S.D.N.Y. July 27, 2011)..................................6

ii

*Soslow v. Conseco, Inc.*,
No. 06-cv-5988, 2008 U.S. Dist. LEXIS 4277 (S.D.N.Y. Jan. 18, 2008) ............................7, 8

*Warnke v. CVS Corp.*,
265 F.R.D. 64 (E.D.N.Y. 2010) ...................................................................................3, 6

*Wertheim Schroder & Co. Inc. v. Avon Prods., Inc.*,
No. 91-cv-2287, 1995 WL 6529 (S.D.N.Y. Jan. 9, 1995) ........................................................5

**STATUTES**

29 U.S.C. § 216(b) ..........................................................................................................2

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ........................................................1

New York State Labor Law, §§ 190 *et seq.*  .....................................................................1

NYSLL § 198(1-a)..........................................................................................................2

**OTHER AUTHORITIES**

12 N.Y.C.R.R. § 142-2.4 ................................................................................................2

Fed. R. Civ. P. 26(b)(1)...................................................................................................6

Fed.R.Civ.P. 45(b)(1)......................................................................................................1

Fed.R.Civ.P. 45(c)(1)......................................................................................................10

Fed.R.Civ.P. 45(c)(3)......................................................................................................10

Fed.R.Civ.P. 45(c)(3)(A)(iv) .........................................................................................1, 4, 6

Terry Richardson[1] ("Mr. Richardson"), a non-party to the above-referenced lawsuit, and

Defendant Stefani Germanotta ("Ms. Germanotta"), submit this memorandum in support of their

motion for an Order pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure to quash

the document subpoena (the "Subpoena") that Plaintiff Jennifer O'Neill ("Plaintiff") served on

Mr. Richardson on August 16, 2012.  As discussed in greater detail below, the Subpoena should

be quashed in its entirety because:  (a) the Subpoena is overbroad on its face; (b) the Subpoena

seeks documents irrelevant to the litigation; and (c) the Subpoena is harassing under the

circumstances.[2]

<u>RELEVANT FACTUAL BACKGROUND</u>

### A.  <u>The Present Action.</u>

On June 7, 2012, Plaintiff filed her Amended Complaint ("Compl. ¶ ___") against

Defendants Mermaid Touring, Inc. ("Mermaid") and Stefani Germanotta, a/k/a/ "Lady Gaga."

Plaintiff was employed as a personal assistant to Ms. Germanotta in early 2009 and also from

about February 5, 2010 through her termination on March 5, 2011.  (Compl. ¶ 20).  Plaintiff

asserts three causes of action: (1) violation of the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201 *et seq.* ("FLSA") for Defendant's alleged failure to pay overtime wages; (2)

violation of the New York State Labor Law, §§ 190 *et seq.* ("NYSLL") for Defendant's alleged

---

[1] Proskauer Rose LLP has been retained to represent Mr. Richardson.

[2] The Subpoena was also improperly served in violation of Rule 45 of the Federal Rules of Civil
Procedure, which requires that, before a document subpoena is served on a non-party, "a notice
must be served on each party."  Fed.R.Civ.P. 45(b)(1).  Plaintiff failed to provide Defendants
with advance notice of the Subpoena.  (Gershengorn Declaration at ¶ 3 (hereinafter
"Gershengorn Decl. ¶ ____").)  Plaintiff's failure to abide by the Federal Rules further illustrates
her bad faith in bringing this unduly burdensome and harassing Subpoena.  *See Malinowski v.
Wall Street Source, Inc.*, No. 09-cv-9592, 2010 WL 4967474 (S.D.N.Y. Nov. 23, 2010) ("[t]he
failure to give proper notice is not an insignificant matter").

failure to pay overtime wages; and (3) violation of the NYSLL, 12 N.Y.C.R.R. § 142-2.4, for

Defendant's alleged failure to pay an additional hour's pay at the minimum hourly wage rate for

each day which she worked ten (10) or more hours.  (Compl. ¶ 34-49).  Plaintiff also seeks

liquidated damages, attorneys' fees, costs, pre-judgment interest and other relief under 29 U.S.C.

§ 216(b), other applicable federal laws and NYSLL § 198(1-a).  (Compl. ¶ 2).  Specifically,

Plaintiff alleges that she was "expected to be working and/or on call every hour of every day"

during the course of her employment at Mermaid (Compl. ¶ 19) and as a result, she is owed

unpaid overtime pay for every hour of every day beyond forty hours per week for every week of

her employment.  (Compl. ¶ 22).

### B.  The Non-Party Subpoena Served on Terry Richardson

The Subpoena issued by the United States District Court, Southern District of New York

is issued in connection with *O'Neill v. Mermaid Touring Inc., et al*, No. 11 Civ. 9128.  The

Subpoena is attached hereto as Exhibit A to the accompanying Declaration of Brian J.

Gershengorn (Gershengorn Decl. at Ex. A).

During her deposition, Ms. Germanotta stated that Mr. Richardson is one of her best

friends and a photographer who took photographs of her during some of her shows.  (Germanotta

Deposition 165:5-12, August 6, 2012.  ("Germanotta Dep. _____").)  Ms. Germanotta also stated

that it is possible that some of the pictures taken by Mr. Richardson may depict Plaintiff.

(Germanotta Dep. 165:13-20, August 6, 2012.)  Some of the photographs taken of Ms.

Germanotta by Mr. Richardson were used in his recent book, *Lady Gaga X Terry Richardson.*

(Richardson Declaration at ¶ 9 ("Richardson Decl. ¶ _____").)

Based on Ms. Germanotta's deposition testimony, Plaintiff has now subpoenaed Mr.

Richardson for "copies of all photographs, including 'proofs,' taken of Stefani Germanotta,

a/k/a/ 'Lady Gaga,' Ms. Germanotta's staff, **and of any other person or object** during the period February 5, 2010 through March 5, 2011, including during the 'Monster Ball Tour,' in digital or other electronic format." (Gershengorn Decl. at Ex. A.)(emphasis added). As a professional photographer, Mr. Richardson has taken tens of thousands of photographs during this period.  (Richardson Decl. ¶ 6).  The Subpoena does not provide any reason or explanation as to why Plaintiff seeks the photographs requested.  Nor does the Subpoena explain why the production of *all* photographs taken by Mr. Richardson during a thirteen month period is necessary to an action alleging the violation of wage and hour laws.

## ARGUMENT

### A.     Mr. Richardson And Ms. Germanotta Have Standing To Quash The Subpoena.

Mr. Richardson has standing to bring this motion because the subpoena is directed at him. *See Badr v. Liberty Mut. Group, Inc.*, No. 3:06-cv-1208, 2007 WL 2904210, at \*1 (D. Conn. Sept. 28, 2007).

Ms. Germanotta has standing to join in this motion because the photographs subpoenaed are private and personal in nature to her.  *See Arias Zeballos v. Tan*, No. 06-cv-1268, 2007 WL 210112, at \*1 (S.D.N.Y. Jan 25, 2007) ("[c]ourts have recognized that individuals have certain constitutionally protected privacy rights, including the individual interest in avoiding disclosure of personal matters.") (internal citations omitted); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010)(plaintiff had standing to bring a motion to quash when he had "a legitimate privacy interest" in the information sought); *Mirkin v. Winston Resources, LLC*, No. 07-cv-02734, 2008 WL 4861840, at \*1 (S.D.N.Y. Nov. 10, 2008) ("plaintiff has a legitimate privacy interest" in the information subpoenaed, "and, therefore, has standing to bring her motion.").

3

B.      **Legal Standard.**

Fed.R.Civ.P. 45(c)(3)(A)(iv) provides that, on motion, the court must quash or modify a

subpoena that subjects a person to undue burden.  "An evaluation of undue burden requires the

court to weigh the burden to the subpoenaed party against the value of the information to the

serving party." *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, No. 05-cv-6430, 2007 WL

4410405, at *1 (S.D.N.Y. Dec. 17, 2007).

Whether a subpoena imposes an "undue burden" depends on factors such as "relevance,

the need of the party for the document, the breadth of the document request, the time period

covered by it, the particularity with which the documents are described and the burden imposed."

*Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996).  *See also*

*Bridgeport Music, Inc.*, 2007 WL 4410405, at *1 (S.D.N.Y. Dec. 17, 2007) ("[a] party

contending that a subpoena should be quashed pursuant to Rule 45(c)(3)(A)(iv) must

demonstrate that compliance with the subpoena would be unduly burdensome.").  Furthermore,

in the context of a subpoena issued to a nonparty witness, "the Court should be particularly

sensitive to weighing the probative value of the information sought against the burden of

production on the non party." *Fears v. Wilhemina Model Agency, Inc.*, No. 02-cv-4911, 2004

WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004); *see also In re Biovail Corp. Secs. Litig.*, 247 F.R.D.

72, 74 (S.D.N.Y. 2007) ("[w]here, as here, it is sought from third parties, the Court must weigh

the probative value of the information against the burden of production on said non parties.");

*Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09-cv-1608, 2010 WL 1327921, at *10 (S.D.N.Y.

Apr. 5, 2010) ("[i]n assessing these considerations, special weight should be given to the burden

on nonparties of producing documents to parties involved in litigation"); *Wertheim Schroder &*

*Co. Inc. v. Avon Prods., Inc.*, No. 91-cv-2287, 1995 WL 6529, at *6 (S.D.N.Y. Jan. 9, 1995)

("[t]he courts suggest that weight should be given to nonparty status in assessing the burden of compliance.").

    **C.**    <u>**The Subpoena Should Be Quashed Because It Is Overbroad On Its Face.**</u>

Subpoenas like the one served on Mr. Richardson for "*all*" documents are considered overbroad on their face in that they "go beyond any reasonable attempt to identify documents pertinent to" the claims, and, as a result, "include within their scope documents that are irrelevant." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996). *See also Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 03-cv-5560, 2008 U.S. Dist. LEXIS 77018, at *15 (S.D.N.Y. Oct. 2, 2008) (quashing subpoena when it sought documents not limited to the matters at issue in the litigation); *Badr v. Liberty Mut. Group, Inc.*, 2007 WL 2904210, at *3 (D.Conn. Sept. 28, 2007) (subpoena was overly broad when it was not limited to the documents that pertained directly to the claims at issue); *In re Gushlak*, No. 11-mc-218, 2011 WL 3651268, at *6 (E.D.N.Y. Aug. 17, 2011) ("[p]etitioner's proposed subpoenas are overbroad and . . . many responsive documents in [the nonparty's] possession could well be private and completely unrelated."). Furthermore, "[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable." *Concord Boat Corp.*, 169 F.R.D. at *50.

The Subpoena seeks, without qualification, "copies of all photographs, including 'proofs,' taken of Stefani Germanotta, a/k/a/ 'Lady Gaga,' Ms. Germanotta's staff, and of **any other person or object** during the period February 5, 2010 through March 5, 2011." (Gershengorn Decl. at Ex. A.)(emphasis added). This extremely broad request for documents encompasses every single photographic image captured by Mr. Richardson, a professional photographer, during a thirteen month period. This would include not only photographs of

Plaintiff, but also photographs of literally anyone or anything that Mr. Richardson captured during this period.  The Subpoena would also include photographs taken by Mr. Richardson for other clients, personal photographs taken for his own use, and potentially private and revealing photographs of individuals who have no knowledge of or relevance to Ms. Germanotta and/or this lawsuit.  Thus, Plaintiff's request for "all photographs," as sought in the Subpoena, is overbroad on its face and encompasses numerous categories of documents that could not possibly be relevant to this action.  For all of these reasons, the Subpoena should be quashed.

**D.      The Subpoena Should Be Quashed Because It Seeks Irrelevant Documents.**

Under the Federal Rules of Civil procedure, discovery is limited to that which is "relevant to any party's claim or defense" and all information "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Therefore, "the court may also quash or modify a subpoena that calls for irrelevant information."  *GMA Accessories, Inc., v. Elec. Wonderland, Inc.*, No. 07-cv-3219, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012).  *See also Noel v. Bank of New York Mellon*, No. 11-mc-216, 2011 WL 3279076, at *2 (S.D.N.Y. July 27, 2011)(denying a motion to compel when the documents requested were not reasonably calculated to lead to the discovery of admissible evidence).  A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement.  *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010).  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceeding."  *Kingsway Fin. Servs., Inc.*, 2008 U.S. Dist. LEXIS 77018, at *15.  The party seeking discovery bears the initial burden of showing relevance.  *Noel,* 2011 WL 3279076, at *2.  In addition, "[t]he Court will not require the production of confidential documents,

relating to a non-party, that have no relevance to this case." *Soslow v. Conseco, Inc.*, No. 06-cv-5988, 2008 U.S. Dist. LEXIS 4277, at *15-*16, n.5 (S.D.N.Y. Jan. 18, 2008).

Here, the Subpoena requests photographs that are utterly irrelevant to proving the merits of this case, as Plaintiff has made no attempt to identify particular photographs that are pertinent to her claims for unpaid overtime wages. The Subpoena requests "copies of all photographs" of any "person or object during the period February 5, 2010 through March 5, 2011." (Gershengorn Decl. at Ex. A.). It is impossible to understand the relevance of this broad and burdensome request to an action alleging unpaid overtime wages. During her deposition, Ms. Germanotta specifically stated that Mr. Richardson only took photographs of her when he was with her on tour. (Germanotta Dep. 165:25-166:5, August 6, 2012). Thus, there were times when he was not touring with Ms. Germanotta and took photographs for other clients or for his personal use. (Richardson Decl. ¶ 12). However, Plaintiff seeks photographs taken by Mr. Richardson both when he toured with Ms. Germanotta and when he was elsewhere. By requesting "all photographs" taken by Mr. Richardson, Plaintiff demands the production of photographs that have no connection whatsoever to this lawsuit, Plaintiff, or Ms. Germanotta.

To the extent that the Subpoena requests photographs of Ms. Germanotta, the photographs requested include private and intimate depictions of Ms. Germanotta which clearly have nothing to do with Plaintiff's claims (Richardson Decl. ¶ 11) as Mr. Richardson took thousands of photographs of Ms. Germanotta while employed by her. (Richardson Decl. ¶ 7).

Even if Mr. Richardson has in his possession photographs of Plaintiff that were taken during the time period provided in the Subpoena, the presence or lack thereof of Plaintiff in Mr. Richardson's photographs has absolutely no bearing on her claims. Plaintiff's presence in Mr. Richardson's photographs may show that she was present at a given moment, but it will not

show what she was doing even a moment before or after the picture was taken.  Furthermore, to the extent that photographs of Plaintiff exist, a moment captured in time in which Plaintiff was in close proximity to Ms. Germanotta will shed no light whatsoever on whether she worked overtime.  Thus, there is no way for Plaintiff to show that her embodiment in a photograph can evidence that she worked overtime hours.

Moreover, this Subpoena is particularly absurd because Plaintiff claims that she was on duty during all hours of each 24 hour day and is owed overtime for literally every hour of every day beyond 40 hours per week during the entire period of her employment.  (Compl. ¶ 22).  Therefore, images which may capture Plaintiff's presence (or lack thereof) at any given moment have even less relevance because Plaintiff claims that she is owed overtime wages regardless of whether she was physically with Ms. Germanotta at any particular time.  Because Plaintiff cannot show that the photographs are remotely relevant, let alone material to the action, the Court should quash the Subpoena.

E.     **The Subpoena Should Be Quashed Because It Is Harassing Under The Circumstances.**

Courts in this district have recognized that "permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation." *Consolidated Rail Corp. v. Primary Indus. Corp.*, 92-cv-4927, 1993 U.S. Dist. LEXIS 12600, at *2 (S.D.N.Y. Sept. 10, 1993).  Courts have also found that it is proper to quash a subpoena seeking confidential documents of a non-party witness when they have no relevance to the claims in an action.  *See Solow v. Conesco, Inc.*, No. 06-cv-5988, 2008 U.S. Dist. LEXIS 4277, at *15-16 n.5 (S.D.N.Y. Jan 18, 2008).

In this instance, Mr. Richardson is a busy, high-level executive in the photography business, who is not a party to the underlying proceeding.  He frequently travels both

domestically and internationally to photograph his clients.  (Richardson Decl. ¶ 5.)  The majority

of the photographs requested are Mr. Richardson's confidential, proprietary business documents

that have never been published and are irrelevant to this litigation.  (Richardson Decl. ¶ 10.)

Even if Plaintiff were to limit the discovery to photographs in which the Plaintiff is pictured, a

limitation that Plaintiff has not proposed, there is simply no basis for Plaintiff to burden Mr.

Richardson with having to review tens of thousands of images in the hopes of finding pictures

showing Plaintiff in the background.  Mr. Richardson should not have to expend time and

resources to review photographs that have no relevance to this lawsuit, particularly when the

presence or lack thereof  of the Plaintiff in a photograph has no bearing on her claims.

**CONCLUSION**

For the foregoing reasons, Mr. Richardson and Ms. Germanotta move the court for relief

as follows:

1.  For entry of an Order quashing the Subpoena directed to Mr. Richardson,

    pursuant to Fed.R.Civ.P. 45(c)(3).

2.  That Mr. Richardson and Ms. Germanotta be awarded the reasonable expenses

    incurred in bringing this motion, including attorney's fees, as a sanction against

    Plaintiff's counsel, Snitow Kanfer Holtzer & Millus, LLP, for failing to take

    reasonable steps to avoid imposing undue burden or expense on Mr. Richardson

    and Ms. Germanotta as required under Fed.R.Civ.P. 45(c)(1).

3.  For such other and further relief as the Court deems necessary and proper.


Dated: New York, New York
       August 27, 2012

                                      PROSKAUER ROSE LLP


                                      By:        /s/ Steven D. Hurd
                                              Steven D. Hurd
                                              Brian J. Gershengorn
                                              Eleven Times Square
                                              New York, NY 10036
                                              (212) 969-3000
                                              shurd@proskauer.com
                                              bgershengorn@proskauer.com
                                              *Attorneys for Defendants*
                                              *and Non-Party Terry Richardson*


To:    Paul F. Millus
        Virginia K. Trunkes
        SNITOW KANFER HOLTZER & MILLUS, LLP
        575 Lexington Avenue, 14th Floor
        New York, New York 10022