LAW OFFICES OF

SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL F. MILLUS
DANIEL I. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

Docket + File

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/12

September 7, 2012

VIA FACSIMILE
(212) 805-7986

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re: O'Neill v. Mermaid Touring Inc., No. 11-Civ-9128

Dear Judge Gardephe:

We are the attorneys for Plaintiff Jennifer O'Neill in this civil action involving failure to pay overtime wages under the FLSA and state Labor Law. We write in response to Defendants' unfortunate request for a pre-motion conference so that they can seek sanctions against my colleague Paul F. Millus, Esq.

Defendants' request is frivolous, made in bad faith and is part of a "litigation" strategy which has become increasingly vexatious. It is nothing more than a diversionary tactic to avoid addressing the merits of this case. More importantly, it serves as a transparent and arrogant attempt to procure an outright "gag order" to deprive Plaintiff and her counsel from mentioning any aspect of this case, no matter how insubstantial or ancillary.

As an initial matter, it bears noting that Defendants have improperly exploited the subject Confidentiality Order from the outset of discovery. They have designated as "CONFIDENTIAL" every single one of the 1,246 pages of documents which they produced. This is hardly the fulfillment of their burden to designate discovery material as confidential only based upon a "good faith" belief that it contains, in pertinent part, "any information of a personal or intimate nature." In cases where a party has disregarded that burden and indiscriminately designated vast amounts of documents as "confidential," the courts have imposed sanctions. *See e.g. Minter v. Wells Fargo Bank, N.A.*, 2010 WL 5418910, *2 (D. Md. 2010); *Team Play, Inc. v. Boyer*, 2005 WL 256476, at *1 (N.D.Ill. 2005).

Of course, Plaintiff has not sought sanctions or even objected to Defendants' designations, as that is not an effective use of time and is a waste of judicial resources. Indeed, challenges to confidentiality designations are seldom made. *Mannion v. Coors Brewing Co.*, 2006 WL 708226, *3 (S.D.N.Y. 2006).

However, Defendants' designation of Ms. Germanotta's entire 327-page deposition transcript as "confidential," and request to seek sanctions for any reference to the occurrence of her deposition, takes their bad faith conduct to a new level. "The purpose of issuing a confidentiality order is in part ... to allow the free flow of sensitive discoverable material, the dissemination of which might have a chilling effect on the discovery process." *Mullins v. Department of Labor of Puerto Rico*, 775 F.Supp.2d 413, 415 (D. Puerto Rico 2011). In the first instance, very little, if any, to which Ms. Germanotta testified at her deposition would qualify as "confidential." Next, nothing which Mr. Millus is quoted as stating to the media implicates the purpose of issuing a confidentiality order, or otherwise revealed anything of substance. *See In re Cendant Corp.*, 260 F.3d 183, 200 (3d Cir. 2001) ("no adequate factual predicate" for finding breach of a confidentiality order where attorney divulged no information of substance); *cf. Hand v. Walnut Valley Sailing Club*, 475 Fed.Appx. 277, *2 (10th Cir. 2012) (plaintiff's email to at least forty-four sailing club members (and others) disparaging the club's positions and relating all the details of the mediation, including what the mediator said and the amount of the club's settlement offer, violated the confidential rule of the mediation process – "he revealed extensive and prejudicial details about the mediation"); *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 290, fn. 4 (5th Cir. 2002) (counsel violated confidentiality order by revealing the contents of sealed documents); *Chemical Bank v. Affiliated FM Ins. Co.*, 154 F.R.D. 91 (S.D.N.Y. 1994) (violation of confidentiality orders where defendant produced confidential documents to District Attorney's Office ).

Mr. Millus' description of the duration of Ms. Germanotta's deposition (six hours) does not reveal any contents of her testimony. Nor does Mr. Millus' reference to Ms. Germanotta's "indicat[ion that] she would like to contest this matter in court." Ms. Germanotta's willingness to be deposed by itself indicated that she was not inclined to settle this lawsuit – an indication only reinforced by her continued pressure on her counsel to institute these endless and baseless motions. In any event, the dissemination of Mr. Millus' opinion, which is supported by a fact whose origins are public knowledge, is hardly that which involves "sensitive discoverable material" which would "have a chilling effect on the discovery process." *Mullins, supra*. Likewise, a comment regarding the strengths of Plaintiff's case should hardly come as a surprise to Defendants who, in their desperation, will further seek to delay a trial by requesting to file a wasteful and unsupported motion for summary judgment.

Accordingly, there is no basis on which to find Mr. Millus in civil contempt for failure to comply with the Confidentiality Order. *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). Nor in any event would an

SNITOW KANFER HOLTZER & MILLUS, LLP



attorney's violation of a court order, by itself, necessarily constitute sanctionable conduct. *In re Peters*, 642 F.3d 381, 394-95 (2d Cir. 2011). Even if the Court were inclined to entertain this heavy-handed attempt to over-lawyer this case, we submit, as a matter of law, nothing within Mr. Millus' statements suggests any "venal intent" necessary to merit sanctions. *Id.* If anything, it is Defendants' barrage of frivolous, mean-spirited and distracting motions that is sanctionable.

As for counsel's attempt to impose silence on Plaintiff and anyone else by seeking a "gag order," this too demonstrates Defendants' heavy-handedness. While Defendants may think every document and every line of testimony is akin to a state secret, the content of the discovery proves otherwise. There has not been one document or utterance which exposes anything proprietary about Ms. Germanotta's business enterprise. As for anything embarrassing in the discovery record, Ms. Germanotta is not so easily shamed. She takes great pleasure publicly exposing herself literally and figuratively. Indeed, in a recent article in Vogue magazine, Ms. Germanotta blatantly and in unapologetic fashion admitted, "I hate the truth so much that I would prefer a giant dose of bullshit any day."

In sum, nothing stated in Ms. Germanotta's deposition or e-mails has been any different from what she screams in concert or is depicted in photographs with her consent, and there is no reason to impose a gag order in this case. Nor, for that matter, is there any reason why the correspondence on this issue should be filed under seal.

Thank you for your consideration of this matter.

Respectfully submitted,

SNITOW KANFER HOLTZER &
MILLUS, LLP

Virginia K. Trunkes

Virginia K. Trunkes (VT 8642)

cc: Steven D. Hurd
Brian J. Gershengorn (both by email)