UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER O'NEILL,

                Plaintiff,

    - against -

MERMAID TOURING INC., ET AL,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/12

**ORDER**

11 Civ. 9128 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In letters dated September 27, 2012, and September 28, 2012, Defendants ask this Court to order that Exhibits A, B, C, D, E, G, and H to Plaintiff's September 21, 2012 opposition to Defendants' motion to quash be filed under seal. Defendants also request that Exhibits A and B to Defendants' September 28, 2012 Reply be filed under seal. The exhibits at issue are emails, excerpts from deposition transcripts, and Defendants' July 27, 2012 responses to requests to admit. The exhibits are relevant to the motion to quash because they explain the relevance of the material sought in the subpoena that is the subject of the motion. None of the exhibits at issue expose any individual to embarrassment or an invasion of privacy; the exhibits likewise do not present any risk of business-related harm. Accordingly, Defendants' request for sealing is denied.[1] See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

        For the reasons stated on the record at the November 27, 2012 telephone conference, Defendants' motion to quash the subpoena directed to Terry Richardson is denied to the extent that the subpoena seeks photographs of the Plaintiff with Ms. Germonatta. The

---

[1] As to Defendants' response to the request to admit, only request and response number 11 is relevant to the motion to quash. All other requests and responses should be redacted before filing.

motion to quash is otherwise granted. In response to the subpoena, Mr. Richardson is directed to produce—at his option—either those photographs alone, or his entire photographic production from the "Monster Ball Tour," if it is impractical to isolate responsive photographs. Any material produced by Mr. Richardson will be subject to the protective order previously issued in this case. Defense counsel will inform the Court by December 7, 2012, whether Mr. Richardson will produce only responsive photographs or his entire production. If the entire production will be produced, it must be provided by December 12, 2012. If Mr. Richardson elects to produce only responsive photographs, he will do so by January 7, 2013.

The Court adopts the following briefing schedule for any sanctions motion related to Defendants' purported non-production of certain emails:

(1) Plaintiff's motion is due by December 14, 2012;

(2) Defendants' opposition is due by January 14, 2013;

(3) Plaintiff's reply, if any, is due by January 28, 2013.

The following briefing schedule will apply to any motion for summary judgment:

(1) Moving papers are due by December 7, 2012;

(2) Any opposition papers are due by January 7, 2013;

(3) Any reply papers are due by January 22, 2013.

Dated: New York, New York
       November 30, 2012

SO ORDERED

_____
Paul G. Gardephe
United States District Judge