# EXHIBIT A

Case 1:11-cv-09128-PGG   Document 49-1   Filed 01/28/13   Page 1 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JENNIFER L. O'NEILL,                                :        Case No. 11-Civ-9128 (PGG)

                Plaintiff,         :        ECF

   -against-                                            :        **AMENDED COMPLAINT**

MERMAID TOURING INC. AND                            :        Jury Trial Demanded
STEFANI GERMANOTTA, a/k/a/
"LADY GAGA,"

                Defendants.
------------------------------------------------------------X

      Plaintiff Jennifer L. O'Neill ("Plaintiff") by her attorneys Snitow Kanfer Holtzer & Millus LLP, as and for her Complaint against Mermaid Touring Inc. ("Mermaid") and Stefani Germanotta, a/k/a/ "Lady Gaga" (collectively, "Defendants") respectfully alleges as follows:

## INTRODUCTION

    1.    Plaintiff was employed as a Personal Assistant for or on behalf of the Defendants in early 2009 and also from about February 5, 2010 through her termination on March 5, 2011. Plaintiff brings this action for Defendants' failure to pay overtime and premium wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C.§§ 201 *et seq.* ("FLSA") and the New York State Labor Law, §§ 190 *et seq.* ("NYSLL").

    2.    Plaintiff seeks unpaid overtime wages, premium wages, liquidated damages, reasonable attorneys' fees, costs, pre-judgment interest and all other appropriate legal relief under the law including but not limited to 29 U.S.C. § 216(b), other applicable federal laws and NYSLL § 198(1-a).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this Judicial District, because Defendants regularly conduct business within this Judicial District and because Defendant Mermaid is incorporated and its principal place of business is within this Judicial District.

## THE PARTIES

6. Plaintiff Jennifer O'Neill resides in Garden City, New York and is a citizen of the United States.

7. Upon information and belief, Defendant Mermaid is a domestic business corporation organized and existing under the laws of New York State with its place of business at 135 West 70th Street, #1A, New York, New York 10023.

8. Upon information and belief, Mermaid is at present and has been at all times relevant to the allegations in this Complaint, an enterprise engaged in interstate commerce within the meaning of FLSA § 203(b) and (s)(1) in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not

2

less than $500,000.00.

9. Mermaid is an "employer" within the meaning of 29 U.S.C. § 203(d) and NYSLL § 190(3).

10. Plaintiff was an "employee" of Mermaid within the meaning of 29 U.S.C. § 203(e)(1) and NYSLL § 190(2).

11. Upon information and belief, Defendant Germanotta is Mermaid's Chief Executive Officer.

12. Germanotta is also Mermaid's "principal" for whom Plaintiff worked directly.

13. Germanotta controlled Plaintiff's terms and conditions of employment, among other things.

14. Germanotta is thus an "employer" within the meaning of 29 U.S.C. § 203(d) and NYSLL § 190(3).

## FACTUAL ALLEGATIONS

15. At all times relevant to this Complaint, Plaintiff received paychecks from Defendants and was economically dependent on Defendants. Defendants had the power to hire and fire employees, including Plaintiff. Defendants supervised and controlled employees' work schedules or conditions of employment, including those of Plaintiff. Defendants, through their agent, determined the rate and method of payment of employees' wages, including those of Plaintiff.

16. Plaintiff worked as a personal assistant to Germanotta, an

internationally-recognized entertainer and pop singer-songwriter. As such, she attended to Germanotta's needs not only in her home, but also during her travels for her global concert tours, from city to city throughout the world, at locales including stadiums, private jets, fine hotel suites, yachts, ferries, trains and tour buses. Plaintiff was always behind the scenes, and figuratively, if not literally, always at Germanotta's side.

17. Plaintiff's job duties did not involve exercising discretion over matters of significance. For example, her primary job duties included, but were not limited to, confirming Germanotta's schedule with Germanotta; reviewing and reconciling Germanotta's credit card statements; ordering meals and ensuring that they were correctly prepared and served at specific times; maintaining Germanotta's personal supplies; ensuring the availability of chosen outfits; ensuring the promptness of a towel following a shower; and serving as a personal alarm clock to keep Germanotta on schedule.

18. Plaintiff regularly worked more than forty hours in a workweek but did not receive premium pay for the hours worked in excess of forty hours.

19. Specifically, in lending assistance to Germanotta in routine and mundane everyday matters, Plaintiff was on duty during all hours of each twenty-four (24) day, with no entitlement to breaks, for meals or otherwise, or, at times, even sleep. Plaintiff was responsible for maintaining Germanotta on her desired schedule from the earliest waking hour, for being responsive to the slightest need throughout the day, and for addressing spontaneous, random matters in the middle of the night. In sum, she was expected to be working and/or on call every hour of every day.

20. Plaintiff worked for Defendants for four (4) weeks during early 2009

and fifty-two (52) weeks from February 5, 2010 through March 5, 2011.

21. Defendants failed to compensate Plaintiff for overtime during early 2009 and for the fifty-two (52) weeks from February 5, 2010 through March 5, 2011.

22. Since there are one hundred twenty-eight hours (128) per week beyond the forty (40) hours per week point at which the premium rate is triggered, and because Plaintiff worked four (4) weeks during early 2009 and for fifty-two (52) weeks from February 5, 2010 through March 5, 2011, Plaintiff worked five hundred twelve (512) overtime hours in early 2009 for which she was not compensated, and six thousand six hundred fifty-six (6,656) overtime hours from February 5, 2010 through March 5, 2011 for which she was not compensated.

23. Defendants failed to provide Plaintiff with additional pay for hours worked in excess of ten (10) hours per day.

24. Plaintiff worked in excess of ten (10) hours per day for twenty-eight (28) days in early 2009, and three hundred sixty-five (365) days from February 5, 2010 through March 5, 2011.

25. Since Plaintiff worked in excess of ten (10) hours per day for twenty-eight (28) days in early 2009, and three hundred sixty-five (365) days from February 5, 2010 through March 5, 2011, she is entitled to an extra hour of pay for those days.

26. Plaintiff received a weekly salary of one thousand dollars ($1,000) per week in early 2009, and an annual salary of seventy-five thousand dollars ($75,000) from February 5, 2010 through March 5, 2011.

5

27. Upon information and belief, Defendants failed to maintain any records of the hours worked by Plaintiff.

28. Defendants failed to adequately and accurately disclose, among other things, hours worked each day, the total hours worked each work week and/or the total overtime compensation for each work week.

29. If Plaintiff's hours had been properly documented and calculated, the time spent working through breaks and beyond forty (40) hours a week should have triggered payment calculated at premium overtime rates.

30. If Plaintiff's hours had been properly documented and calculated, the time spent working beyond ten (10) hour days should have triggered an extra hour of pay per day.

31. Even though Defendants knew Plaintiff was performing such work, Defendants failed to compensate Plaintiff for such work.

32. Defendants' policy and practice was to be deliberately indifferent to these violations of the statutory overtime requirements.

33. At all times, Defendants' policy and practice has been willful.

## FIRST CAUSE OF ACTION

### FLSA - Failure to Pay Overtime Wages

34. Plaintiff realleges and incorporates by reference paragraphs 1-33 of the Complaint as if fully set forth herein.

35. At all relevant times, Defendants have not paid Plaintiff overtime

wages at rates at least one-and-a-half times the regular rate of pay for each hour worked in excess of forty (40) hours per week.

36. Defendants, by the above acts, has violated 29 U.S.C. § 207.

37. Said violations have been willful within the meaning of 29 U.S.C. § 260.

38. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages in an amount to be determined at trial but not less than nineteen thousand two hundred dollars ($19,200) for early 2009, three hundred fifty-nine thousand, nine hundred fifty-six dollars and forty-eight cents ($359,956.48) for the period from February 5, 2010 through March 5, 2011, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of this action.

## SECOND CAUSE OF ACTION

### NYSLL - Failure to Pay Overtime Wages

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by Defendants within the meaning of NYSLL §§ 2(7) and § 190(2).

41. At all relevant times, Defendants have failed to pay Plaintiff overtime wages at rates at least one-and-a-half times the regular rate of pay for each hour worked in excess of forty hours per week.

42. Defendants, by the above acts, has violated 12 NYCRR § 142-2.2.

43. Said violations have been willful within the meaning of NYSLL § 198(1-a).

44. Due to Defendants' NYSLL violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages in an amount to be determined at trial but not less than nineteen thousand two hundred dollars ($19,200) for early 2009, three hundred fifty-nine thousand, nine hundred fifty-six dollars and forty-eight cents ($359,956.48) for the period from February 5, 2010 through March 5, 2011, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### THIRD CAUSE OF ACTION

**NYSLL - Failure to Pay Premium for Work Past Ten Hours a Day**

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. At all relevant times, Defendants have not paid Plaintiff an additional hour's pay at the minimum hourly wage rate for each day which she worked ten (10) or more hours.

47. Defendants, by the above acts, have violated 12 NYCRR § 142-2.4.

48. The aforementioned violations are willful within the meaning of NYSLL § 198(1-a).

49. Due to Defendants' NYSLL violations, Plaintiff is entitled to

recover from Defendants her unpaid spread of hours wages in an amount to be determined at trial but not less than seven hundred dollars ($700) for early 2009, and thirteen thousand, one hundred fifty-eight dollars and twenty-five cents ($13,158.25) for the period from February 5, 2010 through March 5, 2011, and an amount equal to those unpaid spread of hours wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in her favor and that the Court order and award Plaintiff the following relief against Defendants:

A. a declaration that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C.§ 260 and NYSLL § 198(1-a);

B. directing Defendants to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants' violations of the FLSA and NYSLL;

C. directing Defendants to make Plaintiff whole for all unpaid premium pay for each day in which she worked ten (10) or more hours;

D. directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C.§ 216 (b) and NYSLL §198(1-a);

E. awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C.§ 216 (b) and NYSLL § 198(1-a);

F. awarding Plaintiff pre-judgment interest, as provided in NYSLL § 198(1-a); and

G. awarding Plaintiff such other and further relief as this Court may deem just and

proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: June 7, 2012
       New York, New York

                                      SNITOW KANFER
                                      HOLTZER & MILLUS, LLP

                               By: _____
                                      Virginia K. Trunkes (VT-8642)
                                      Paul F. Millus (PM-8240)
                                      575 Lexington Avenue, 14th Floor
                                      New York, New York 10022
                                      (212) 317-8500
                                      *Attorneys for Plaintiff*

TO: PROSKAUER ROSE, LLP
      Steven D. Hurd
      Brian J. Gershengorn
      Eleven Times Square
      New York, New York 10036
      (212) 969-3000
      *Attorneys for Defendants*