# EXHIBIT H

b. the right to object on any ground to the use of the information or documents produced hereunder or the subject matter thereof at any trial or hearing in this matter or in any related or subsequent action or proceeding;

c. the right to object on any ground at any time to a demand for further information or document production; and

d. the right at any time to revise, supplement, correct, or add to their responses.

O. To the extent that any documents produced in response to any Request are responsive to any other Request, Defendants will produce the responsive documents once.

P. Defendants object to these Requests to the extent that they seek documents without proper limitation as to temporal scope and beyond the relevant time period in this action – the Relevant Time Period is January 2009 – February 2009 and February 2010 – March 2011.

Q. These General Objections shall be deemed continuing throughout and incorporated into each and every one of the following specific objections and responses to the Requests, whether or not expressly repeated in response to any particular Definition, Instruction or Request, unless otherwise noted. The statement of any specific objection in the following responses to the Requests shall in no way waive or prejudice Defendants' assertion of the General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 20

Copies of any emails sent by Ms. O'Neill and/or received by Ms. O'Neill in the hausofgaga.com email account.

**Response:** Defendants object to this Request as set forth in their General Objections and

the following Specific Objections. Defendants specifically object to this Request on the grounds that it is (i) overbroad and calls for documents which are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) is unduly burdensome and seeks information that is not reasonably accessible and that would be time-consuming and overly burdensome to retrieve and review. Subject to and without waiving any of Defendants' General and Specific Objections, Defendants state as follows: Defendants produce herewith non-privileged, responsive emails in hard copy sent to Plaintiff's hausofgaga.com email account from Defendant Germanotta's email account and emails received in Defendant Germanotta's email account from Plaintiff's hausofgaga.com email account. Furthermore, Defendants state that they are not in possession of Ms. O'Neill's hausofgag.com e-mail account.

### Request No. 21

Copies of emails received by Ms. Germanotta from any employee of Mermaid Touring, Inc. and/or Team Tours, Inc. referring or relating to Ms. O'Neill's employment with Mermaid Touring, Inc.

**Response:** Defendants objects to this Request as set forth in their General objections and the following Specific Objections. Defendants specifically object to this Request on the grounds that it is (i) overbroad and calls for documents which are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; and (ii) unduly burdensome and seeks information that is not reasonably accessible and that would be time-consuming and overly burdensome to retrieve and review; and (iii) is unduly cumulative and duplicative of the other Requests. Subject to and without waiving any of

Defendants' General and Specific Objections, Defendants states as follows: Defendants produce herewith non-privileged, responsive documents in hard copy.

### Request No. 22

All emails sent by Ms. Germanotta to any employee of Mermaid Touring, Inc. and/or Team Tours referring or relating to Ms. O'Neill's employment with Mermaid Touring, Inc.

**Response:** Defendants object to this Request as set forth in their General Objections and the following Specific Objections. Defendants specifically object to this Request on the grounds that it: (i) is overbroad and calls for documents which are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; (ii) is unduly burdensome and seeks information that is not reasonably accessible and that would be time-consuming and overly burdensome to retrieve and review; and (iii) is unduly cumulative and duplicative of the other Requests. Subject to and without waiving any of Defendants' General and Specific Objections, Defendants state as follows: Defendants produce herewith non-privileged, responsive documents in hard copy.

### Request No. 23

Copies of emails sent from Wendi Morris' email account referring, relating to, or concerning Ms. Germanotta's work schedule.

**Response:** Defendants object to this Request as set forth in their General Objections and the following Specific Objections. Defendants specifically object to this Request on the grounds that it: (i) is overbroad and calls for documents which are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; (ii) is unduly burdensome and seeks information that is not reasonably accessible and that would be

time-consuming and overly burdensome to retrieve and review; and (iii) is vague and ambiguous, as it is unclear what is meant by the term "Ms. Germanotta's work schedule," and thus, impossible to determine what documents Plaintiff seeks. Subject to and without waiving any of Defendants' General and Specific Objections, Defendants state as follows: Defendants produce herewith responsive documents in hard copy. Defendants produce herewith non-privileged, responsive emails in hard copy sent to Ms. Morris' email account from Defendant Germanotta's email account and emails received in Defendant Germanotta's email account from Ms. Morris' email account. Furthermore, Defendants state that they are not in possession of Ms. Morris' e-mail account.

### Request No. 24

Copies of documents not previously provided concerning Ms. O'Neill's job duties and/or performance of her job duties.

**Response:** Defendants object to this Request as set forth in their General Objections and the following Specific Objections. Defendants specifically object to this Request on the grounds that it: (i) is overbroad and calls for documents which are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence; (ii) is unduly burdensome and seeks information that is not reasonably accessible and that would be time-consuming and overly burdensome to retrieve and review; and (iii) is vague and ambiguous. Subject to and without waiving any of Defendants' General and Specific Objections, Defendants states as follows: Defendants produce herewith non-privileged, responsive documents in hard copy.

1654/32261-007 current/30954765v1