# EXHIBIT I

LAW OFFICES OF

# SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6102
———
TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL F. MILLUS
DANIEL I. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

August 2, 2012

BY EMAIL AND HAND-DELIVERY
bgershengorn@proskauer.com

Brian Gershengorn, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Re:    O'Neill v. Mermaid Touring Inc., et. al.
       S.D.N.Y. Case No. 11-cv-9128 (PGG)

Dear Mr. Gershengorn:

I write with respect to current discovery matters.

First, as requested at Troy Carter's deposition, please provide all emails from David Cimeny and Wendi Morris to Mr. Carter during the relevant periods in 2009 and 2010-11 regarding Ms. O'Neill's work performance.

Second, some aspects of Defendants' recent discovery production are problematic. Preliminarily, Defendants' Objections and Answers to Plaintiff's Second Set of Interrogatories dated July 27, 2012 have not been verified. As Mr. Carter was unfamiliar with that second set of answers and some of the details therein, then it seems he is not the appropriate person to sign the verification. Please bring an appropriate verification to Ms. Germanotta's deposition on Monday morning.

Additionally, in Defendants' Responses and Objections to Plaintiff's Second Request for Production of Documents dated July 27, 2012, Defendants claim, without more, that they are not in possession of Ms. O'Neill's hausofgaga.com email account. Defendants have a greater burden than to supply such an answer without elaboration. This is true particularly with electronic material, and where, according to our understanding, the emails were stored on a Google server. An IT specialist named Bobby Campbell was in charge of handling these accounts and Defendants are obligated to ask him or his successor for Ms. O'Neill's hausofgaga.com emails.

SNITOW KANFER HOLTZER & MILLUS, LLP

Brian Gershengorn, Esq.
August 2, 2012
Page Two

        Finally, enclosed is a Notice of Deposition of Marvin Oblanca, described by Mr. Carter as Mermaid's day-to-day business manager. With the limited time remaining before the completion of discovery, let us work toward ascertaining available dates as soon as possible.

        Thank you for your anticipated cooperation.

                    Very truly yours,

                    SNITOW KANFER
                    HOLTZER & MILLUS, LLP

                    Virginia K. Trunkes

Encl.
cc: Steven D. Hurd

LAW OFFICES OF

# SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL E. MILLUS
DANIEL I. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

August 17, 2012

BY EMAIL AND HAND-DELIVERY
bgershengorn@proskauer.com

Brian Gershengorn, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Re:   O'Neill v. Mermaid Touring Inc., et. al.
      S.D.N.Y. Case No. 11-cv-9128 (PGG)

Dear Mr. Gershengorn:

Enclosed are Plaintiff's Responses and Objections to Defendants' Second Request for Documents and Plaintiff's Responses to Defendants' First Set of Requests for Admission.

Meanwhile, following up on our conversation earlier, as you know there is still outstanding discovery which has yet to be provided by Defendants. Most importantly, one particular item – all of the received and sent emails from Ms. O'Neill's hausofgaga.com email account – was sought in Plaintiff's Second Request for Production of Documents dated June 27, 2012, and reiterated in my letter dated August 2, 2012. We have yet to receive an adequate response to that request, despite my explanation that the hausofgaga.com emails have been stored on a Google server and thus should be readily accessible.

Additionally, we called for production (on the record) of the following two items at, respectively, Mr. Carter's deposition on July 31, 2012 and Ms. Germanotta's deposition on August 6, 2012:

- All emails from David Cimeny and Wendi Morris to Mr. Carter during the relevant periods in 2009 and 2010-11 regarding Ms. O'Neill's work performance; and

- The "binder" to which Ms. Germanotta testified she reviewed prior to her deposition, in preparation for her deposition and which formed the basis for her testimony. See Fed. R. Evid. 612; Redvanly v. NYNEX Corp., 152 F.R.D. 460, 469-72 (S.D.N.Y. 1993).

SNITOW KANFER HOLTZER & MILLUS, LLP

Brian Gershengorn, Esq.
August 17, 2012
Page Two

        Please provide those items as well so that we can complete discovery.  Thank you for your anticipated cooperation.

                    Very truly yours,

                    SNITOW KANFER
                    HOLTZER & MILLUS, LLP

                    Virginia K. Trunkes

Encl.
cc: Steven D. Hurd

 Proskauer Rose LLP   11 Times Square, New York, NY  10036-8299

Brian J. Gershengorn
Attorney at Law
p 212.969.3083
f 212.969.2900

bgershengorn@proskauer.com

August 23, 2012

**By Electronic Mail & Regular Mail**

Virginia Trunkes
Snitow Kanfer Holtzer & Millus LLP
575 Lexington Avenue, 14th Floor
New York, New York  10022

Re:    *Jennifer O'Neill v. Mermaid Touring Inc et al.,* 11-cv-9128(PGG).

Dear Ginger:

We write to address the issue you raised in you August 2, 2012 letter regarding Ms. O'Neill's hausofgaga.com email account.  Other than what Defendants have already produced in response to Document Request #20, Defendants do not possess any further responsive documents.  We trust that this will resolve this issue.

Furthermore, we will respond to the remaining discovery request in your August 2, 2012 letter on or before September 4, 2012.  Finally, we will respond to your August 17, 2012 discovery request on or before September 17, 2012.

Very truly yours,

Brian J. Gershengorn

Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, D.C.

LAW OFFICES OF

# SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL E. MILLUS
DANIEL I. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

August 24, 2012

BY EMAIL AND HAND-DELIVERY
bgershengorn@proskauer.com

Brian Gershengorn, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

Re:     O'Neill v. Mermaid Touring Inc., et. al.
        S.D.N.Y. Case No. 11-cv-9128 (PGG)

Dear Mr. Gershengorn:

I write in response to your letters of August 20, 2012 and August 23, 2012, and as a follow-up to my letters dated August 2, 2012 and August 17, 2012.

Initially, in response to your August 20th letter, enclosed are Plaintiff's Supplemental Responses and Objections to Defendants' Second Request for Documents which include all pages, in color, of Ms. O'Neill's existing passports.

In response to your August 23rd letter and as a follow-up to our August 2nd and August 17th letters, it appears that Defendants have failed to conduct a proper search for the email account responsive to Plaintiff's Document Request #20. Request #20 seeks "[c]opies of any emails sent by Ms. O'Neill and/or received by Ms. O'Neill in the hausofgaga.com email account." Defendants' ultimate response is:

> Other than what Defendants have already produced in response to Document
> Request #20, Defendants do not possess any further responsive documents. We
> trust that this will resolve the issue.

It does not. Indeed, in view of the prevailing and well-settled case law, this response hardly settles the issue. The only documents which Defendants have produced in response to Request #20 are hard copies of those emails which were "sent to Plaintiff's hausofgaga.com email account from Defendant Germanotta's email account and emails received in Defendant Germanotta's email account from Plaintiff's hausofgaga.com email account." That production is insufficient, and consequently, so is Defendants' ultimate response that no further

SNITOW KANFER HOLTZER & MILLUS, LLP

Brian Gershengorn, Esq.
August 24, 2012
Page Two

responsive documents are in their possession.

   The relevant question is not whether Defendants are responsible for producing only those electronic or hard copy documents in their actual, physical possession, but rather whether the data is stored or maintained on their behalf. *See Bellinger v. Astrue*, 2010 WL 1270003, **2-3 (E.D.N.Y. 2010); *In Re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.") (*quoting Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y.1994)).  Possible locations of the electronic data include a computer, server or the "cloud."

   We advised in our August 2nd letter that the hausofgaga.com email accounts are stored on a Google server and an IT specialist named Bobby Campbell or his successor is responsible for managing them.  Under these circumstances, Defendants and their counsel must take the additional steps necessary to find and produce Ms. O'Neill's hausofgaga.com incoming and outgoing emails – in electronic format – or properly set forth why the documents are being withheld. *Merck Eprova AG v. Gnosis S.P.A.*, 2010 WL 1631519, at *4 (S.D.N.Y. 2010).  This obligation to conduct a diligent search requires good faith on the part of the responding party and its attorneys, and mandates that they work together "to ensure that both understand how and where electronic documents, records and emails are maintained and to determine how best to locate, review and produce responsive documents." *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

   If it appears that Defendants and/or their counsel have failed in their duty to conduct proper searches of Ms. O'Neill's hausofgaga.com account, or if there has been spoilation of this data, we may have to resort to seeking sanctions and/or an adverse inference charge. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd*, 2010 WL 3173785, *3 (E.D.N.Y. 2010); *In re NTL, Inc. Securities Litigation*, 244 F.R.D. 179, 192 (S.D.N.Y. 2007).

   Please provide an appropriate response by Tuesday, August 28, 2012.  Thank you for your anticipated cooperation.

       Very truly yours,

       SNITOW KANFER
       HOLTZER & MILLUS, LLP

       Virginia K. Trunkes

Encl.
cc: Steven D. Hurd

**Proskauer»**    Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

August 28, 2012

Brian J. Gershengorn
Attorney at Law
d 212.969.3083
f 212.969.2900
bgershengorn@proskauer.com
www.proskauer.com

**By Electronic Mail & Regular Mail**

Virginia Trunkes
Snitow Kanfer Holtzer & Millus LLP
575 Lexington Avenue, 14th Floor
New York, New York 10022

Re:    *Jennifer O'Neill v. Mermaid Touring Inc. et al.*, 11-cv-9128 (PGG).

Dear Ginger:

We write in response to your letter of August 24, 2012 regarding Ms. O'Neill's hausofgaga.com email account. The email account was destroyed on March 7, 2011, two days after Ms. O'Neill was terminated. The deletion of Ms. O'Neill's account occurred well before the commencement of this action. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.") Defendants have fully met their legal obligations with respect to the requested documents.

Furthermore, Defendants have already produced emails sent to Ms. O'Neill's hausofgaga.com email account from Ms. Germanotta's email account and emails received in Ms. Germanotta's email account from Ms. O'Neill's hausofgaga.com email account.

Very truly yours,

*Brian J. Gershengorn/ksas*

Brian J. Gershengorn

**RECEIVED**

SEP    4 2012

**SNITOW KANFER HOLTZER & MILLUS, LLP**

LAW OFFICES OF

# SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL F. MILLUS
DANIEL I. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

September 7, 2012

BY EMAIL AND REGULAR MAIL

Brian Gershengorn, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

        Re:    O'Neill v. Mermaid Touring Inc., et. al.
               S.D.N.Y. Case No. 11-cv-9128 (PGG)

Dear Brian:

I write in response to your letter of August 28, 2012 regarding Ms. O'Neill's hausofgaga.com account. The sole new factual information which you related in your letter is that Ms. O'Neill's "email account was destroyed on March 7, 2011, two days after Ms. O'Neill was terminated." After weeks of back-and-forth, this information is surprising, but in any event does not satisfactorily address all to which Ms. O'Neill is entitled when seeking electronically stored information.

First, we are entitled to evidence that the entire email account was actually destroyed on March 7, 2011. Examples of such proof include a report from Google, or copies of correspondence with Google, at or about that time.

Second, we are entitled to information about Defendants' standard operating procedure in "destroy[ing]" ex-employees' email accounts. It is unclear if destroying Ms. O'Neill's account within two days of termination is in accord with Defendants' record-keeping policies.

Third, as you may know, during discovery, the producing party has an obligation to search available systems for the information demanded. Included within that information are deleted computer files, including e-mails, which are discoverable. Consequently, we are entitled to a signed affidavit from Defendants' custodian of records detailing all steps taken to identify all documents responsive to Plaintiff's request for her hausofgaga.com emails, including a search of Defendants' computers.

If it appears that Defendants are either unwilling or unable to conduct a search of their computer

SNITOW KANFER HOLTZER & MILLUS, LLP

Brian Gershengorn, Esq.
September 7, 2012
Page Two

systems for documents responsive to Plaintiff's discovery request, then a forensic examination of
Defendants' computers may be warranted.  Please let us know how you would like to proceed.

Very truly yours,

SNITOW KANFER
HOLTZER & MILLUS, LLP

Virginia K. Trunkes

LAW OFFICES OF

# SNITOW KANFER HOLTZER & MILLUS, LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHMLAW.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
PAUL F. MILLUS
DANIEL J. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

September 19, 2012

## BY EMAIL AND REGULAR MAIL

Brian Gershengorn, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299

        Re:    O'Neill v. Mermaid Touring Inc., et. al.
               S.D.N.Y. Case No. 11-cv-9128 (PGG)

Dear Brian:

        I write in furtherance of our telephone conversation on Friday regarding Ms. O'Neill's document demand for the emails in her hausofgaga.com email account. In response to your request, below are some cases supporting our assertion that Ms. O'Neill is entitled to a bit more than just Defendants' bald assertion that her account was destroyed on March 9, 2011:

        *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 311 (S.D.N.Y. 2003) (electronic documents are subject to disclosure, and "[t]his is true not only of electronic documents that are currently in use, but also of documents that may have been deleted and now reside only on backup disks."); *see also Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 3964742, **7-10 (S.D.N.Y. 2012); *Wells v. Xpedx*, 2007 WL 1200955, *1-2 (M.D. Fla. 2007) ("producing party has the obligation to search available electronic systems for deleted emails and files") (*citing* to Advisory Committee Notes, Fed.R.Civ.P. 34); Fed.R.Civ.P. 26(b)(2)(B); *Baker v. Gerould*, 2008 WL 850236, **2-3 (W.D.N.Y. 2008).

        Defendants have not objected to production of Ms. O'Neill's hausofgaga.com email account on the grounds of burdens or cost, much less identified the sources of the potentially responsive information which they declined to search. Defendants have not provided any detail of the destruction of the email account, or an explanation of why the emails therein are not readily accessible. Even if the emails were not readily accessible, by now it is well settled that the inquiry does not end there. *See Zubulake, supra* at 322; *Chen-Oster, supra*, at **7-15; *Quinby v. WestLB AG*, 245 F.R.D. 94, 101-02 (S.D.N.Y. 2006).

SNITOW KANFER HOLTZER & MILLUS, LLP

Brian Gershengorn, Esq.
September 19, 2012
Page Two

        To the extent it appears that Defendants are unwilling to conduct a search of their computer systems for documents responsive to Ms. O'Neill's discovery requests, Ms. O'Neill may be entitled to an adverse inference instruction that the missing evidence would have been favorable to her. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 109 (2d Cir. 2002); *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 120-23 (S.D.N.Y. 2008); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 219-21 (S.D.N.Y. 2003). As we have mentioned, Defendants have given no indication of their routine document retention/destruction policy. Thus, it is unclear if "destroy[ing]" Ms. O'Neill's email account a mere two days following her termination is in accord with Defendants' standing procedure.

        Alternatively, many courts have permitted a forensic examination under circumstances such as these. *See, e.g. Treppel, supra* at 124; *see also Wynmoor Community Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012); *Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 5 (D.D.C. 2009); *Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1053 (S.D. Cal. 1999) ("Plaintiff needs to access the hard drive of Defendant's computer only because Defendant's actions in deleting those e-mails made it currently impossible to produce the information as a 'document' ").

        During our conversation, I sensed that Defendants' position is that Ms. O'Neill is not entitled to any further explanation or proof without the context of motion practice. If my impression was correct, then that is not only disappointing, but contrary to the case law on the subject. *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011); *see also* Fed.R.Civ.P. 26, Advisory Committee Notes (2006). We would of course prefer to quickly resolve this simple matter without adding to the already extensive motion practice which has engulfed this case.

        I look forward to hearing from you.

                                        Very truly yours,

                                        SNITOW KANFER
                                        HOLTZER & MILLUS, LLP

                                        Virginia K. Trunkes

                                        Virginia K. Trunkes