# EXHIBIT J

**Proskauer»** Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 12, 2012

Steven D. Hurd
Member of the Firm
d 212.969.3985
f 212.969.2900
shurd@proskauer.com
www.proskauer.com

BY FACSIMILE
TO BE FILED UNDER SEAL[1]
(212) 805-7986

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re: O'Neill v. Mermaid Touring Inc., No. 11-Civ-9128

Dear Judge Gardephe:

Counsel for Plaintiff Jennifer O'Neill and Defendant Mermaid Touring, Inc. and Stefani Germanotta (together, "Defendants") both submit this joint letter with respect to two remaining discovery disputes in this matter: (1) Defendants' non-production of certain emails, and (2) documents which Ms. Germanotta reviewed prior to her deposition. Another dispute existed regarding Ms. O'Neill's business email account, but has been resolved to the extent explained below.

Ms. O'Neill was the personal assistant for Ms. Germanotta during the period, in relevant part, of February 5, 2010 through March 5, 2011. This lawsuit is based on Ms. O'Neill's claims for unpaid overtime during that period.

**Non-Produced Emails**

Following a forensic examination of Ms. O'Neill's computer, it is her position that Defendants withheld many relevant emails within their possession, custody and control. Ms. O'Neill's counsel addressed this with Defendants' counsel by letter dated October 5, 2012, and both parties' counsel spoke by telephone on October 8, 2012.

*Plaintiff's Position*

Defendants breached their discovery obligations, with a culpable state of mind, by withholding relevant emails. Ms. O'Neill believes that Defendants' behavior arguably supports an Order striking their answer and entering a default judgment against them. However, at the very least,

---
[1] Plaintiff objects to filing this letter under seal.

**Proskauer»**

Hon. Paul G. Gardephe
October 12, 2012
Page 2

Defendants' behavior calls for an Order precluding them from offering any evidence in opposition to Ms. O'Neill's claims, and ordering them to pay Ms. O'Neill's attorneys' fees and costs incurred because of Defendants' bad faith tactics.

The parties had previously disputed Defendants' non-production of the emails from Ms. O'Neill's "hausofgaga.com" email account, her only business email account set up by Defendants, and used to transact business during the relevant period. In their response to Ms. O'Neill's document requests, Defendants claimed that they were "not in possession" of Ms. O'Neill's hausofgaga.com email account. However, with their direct access to Ms. Germanotta's email account, Defendants represented that they were providing (1) emails between Ms. O'Neill on her hausofgaga.com account and Ms. Germanotta; and (2) emails between Ms. Germanotta and her tour manager Wendi Morris referring to, relating to or concerning Ms. Germanotta's work schedule. However, Defendants never explained why they were "not in possession" of Ms. O'Neill's hausofgaga.com email account other than to state, and only after repeated requests, that the account was "destroyed" two days following Ms. O'Neill's termination.

Citing *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 311 (S.D.N.Y. 2003), Ms. O'Neill believed that she was entitled to more than just Defendants' bald and belated assertion that her account was destroyed. During the creation of a joint letter to this Court, Defendants elaborated that the emails were not preserved in any form and that there are no backup tapes or other devices upon which Ms. O'Neill's emails were stored. We explored various possibilities with our computer consultant to verify Defendants' counsel's position. Ultimately, we decided that there would be little hope of locating traces of Ms. O'Neill's hausofgaga.com emails in Ms. Germanotta's computer, and even so, they would not likely include Ms. O'Neill's emails which were not sent to or received from Ms. Germanotta. Thus, Ms. O' Neill has withdrawn her dispute with Defendants over their obligation to retrieve her emails.

That said, at that time we decided to expend the money and undertake our own forensic analysis of Ms. O'Neill's computer. Due to the limits of forensic email recovery, we were only able to recover emails covering a short period of time. But from that small sample, we recovered many emails that had never been produced by Defendants, and which clearly fell into the two categories of emails which Defendants represented that they produced: (1) emails between Ms. O'Neill on her hausofgaga.com account and Ms. Germanotta; and (2) emails between Ms. Germanotta and Ms. Morris referring to, relating to or concerning Ms. Germanotta's work schedule. Many of the emails which Defendants failed to produce are favorable to Ms. O'Neill's claims and rebut Defendants' defenses. Moreover, the additional, non-produced emails from Ms. Morris concerning Ms. Germanotta's schedule are more illuminating as to the whereabouts of the parties on relevant dates and times than what Defendants produced during discovery. Unlike all of the emails in Ms. O'Neill's hausofgaga.com account, these additional, non-produced emails which included Ms. Germanotta as a recipient or sender were clearly within Defendants' possession, custody and control. Their omission has been prejudicial to Ms. O'Neill's ability to better substantiate her claims, and Defendants' have not proffered any explanation for why they never produced them.

# Proskauer»

Hon. Paul G. Gardephe
October 12, 2012
Page 3

By intentionally not producing all of the emails falling within the two categories about which Defendants made unequivocal representations, Defendants and/or their counsel have violated Fed.R.Civ.P. Rule 26(g). Consequently, sanctions are warranted pursuant to Rule 26(g)(3), and, by extension, Rules 37(c)(1) and 37(b)(2)(A).

Proper conduct in discovery is necessary to the integrity of our judicial process. *See Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). The sanctions requested are appropriate. *See e.g. Richmond v. General Nutrition Centers Inc.*, 2012 WL 1658299, *3 (S.D.N.Y. 2012); *Lodge v. United Homes, LLC*, 787 F.Supp.2d 247, 248, 263 (E.D.N.Y. 2011).

### Defendants' Position

Defendants have, in good faith, produced all of the relevant and responsive emails in their possession. Plaintiff's allegation that Defendants have withheld relevant and responsive emails is wholly without merit.

First, Plaintiff has not raised this discovery issue in a timely manner. As the Court is undoubtedly aware, discovery closed on September 4, 2012, and Defendants did not hear of this alleged discovery issue until October 5, 2012. The only discovery issue that Plaintiff had previously raised with respect to emails related to Plaintiff's request for emails in her "hausofgaga.com" account. In Defendants' Responses and Objections to Plaintiff's Second Request for the Production of Documents, Defendants clearly stated that they were not in possession of Plaintiff's "hausofgaga.com" email account. Now that Plaintiff has finally acknowledged what Defendants told her months ago, Plaintiff has "withdrawn" her dispute over the email account and has now decided to raise an additional dispute over a month past the discovery deadline.

As previously stated numerous times to Plaintiff, Defendants have already produced all relevant and responsive documents in their possession. The fact that Plaintiff located emails on her computer that could no longer be located in Ms. Germanotta's email does not indicate that Defendants have withheld evidence. Ms. Germanotta's email account is a Google web-based account and any emails that Ms. Germanotta deleted were stored for only 30 days. Defendants thoroughly searched Ms. Germanotta's email for all documents related to Plaintiff's employment and produced all relevant and responsive documents that were found. Any deletions were made well before Defendants had any obligation to preserve the documents. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."). Indeed, New York courts have held that a party's good faith search of all documents in its possession is sufficient to fulfill its discovery obligations. *See Nycomed U.S. Inc. v. Glenmark Generics, Ltd., et al.*, No. 08-cv-5023, 2009 WL 346912, at *2 (E.D.N.Y. Oct. 21, 2009), citing *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978)("[u]nder ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in [its] possession, custody, or control, should resolve the issue of failure of production.")

# Proskauer»

Hon. Paul G. Gardephe
October 12, 2012
Page 4

In addition, while Plaintiff had a "hausofgaga.com" email account, she also used a personal email account (jencurlygirl@yahoo.com) for business purposes. While Defendants have produced a number of these emails, Plaintiff herself has produced approximately 8,000 emails from her personal account that were used in connection with her employment with Defendants. Thus, Plaintiff's insinuation that she is not in possession of her work-related communications is simply not true. Moreover, Plaintiff has provided us with a sampling of the "newly found" emails and the content of the emails is of the very same nature as the nearly 10,000 electronic documents that have already been exchanged between the parties.

Furthermore, Defendants requested all documents concerning communications between Plaintiff and Defendants regarding Plaintiff's employment in their First Request for the Production of Documents, which was served on March 22, 2012 and Plaintiff is now producing additional emails a month past the close of discovery. Plaintiff has clearly failed to meet her discovery obligations by failing to produce all responsive documents. Defendants have fully complied with their discovery obligations by searching Ms. Germanotta's email for any and all responsive documents.

Finally, it should be noted that the cases cited by Plaintiff to support her overzealous arguments to the Court (and subsequent relief) are clearly distinguishable and hardly support the propositions for which they are cited. In *Richmond v. General Nutrition Centers Inc.*, No. 08-cv-3577, 2012 WL 1658299, at *3 (S.D.N.Y. May 11, 2012), the court ruled that it was appropriate to preclude a plaintiff from pursuing back pay damages when, after numerous requests and several court orders, the plaintiff failed to produce relevant tax-related documents in his possession which would have shown his ability to earn an income. Without these documents, defendants could not probe the plaintiff's income, and potential income, during the relevant time period. *Id.* at *5. In *Lodge v. United Homes, LLC*, 787 F.Supp.2d 247 (E.D.N.Y. 2011), defendants failed to provide the plaintiff with certain documents, claiming that they were unaware that some of them existed and that they did not think that others were relevant. *Id.* at 262. The Court found that defendants failed to produce documents in discovery and also "distorted, misrepresented and concealed material facts" in the litigation. *Id.* at 257. In contrast to the cited cases, there is no evidence that Defendants have acted inappropriately in any way, and certainly have not defied any court order. Instead, Defendants conducted a reasonable and thorough search of Ms. Germanotta's email and produced what was discovered relating to Plaintiff.

Plaintiff's argument that a default judgment should be entered because Defendants did not produce documents which they cannot access is a desperate attempt to distract the Court's attention from our motion for partial summary judgment, to unnecessarily extend discovery and, above all, to gain additional press coverage of this case. Rule 37(e) of the Federal Rules of Civil Procedure provides that, "[a]bsent exceptional circumstances, a court may not impose sanctions . . . for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." There is no basis to conclude that Defendants did anything improper and any sanction is inappropriate.

# Proskauer»

Hon. Paul G. Gardephe
October 12, 2012
Page 5

### The Documents Within Ms. Germanotta's Deposition-Preparation "Binder"

At Ms. Germanotta's deposition held on August 6, 2012, Ms. O'Neill's counsel requested production of the binder which Ms. Germanotta reviewed in preparation for her deposition. Plaintiff's counsel reiterated this request in a letter dated August 17, 2012. Defendants formally responded on September 17, 2012, and objected to the production on the ground of privilege. By letter dated September 25, 2012, Ms. O'Neill's counsel maintained that the documents were not privileged, and even if they were, Ms. Germanotta waived the privilege.

### Plaintiff's Position

At the very outset of her deposition, Ms. Germanotta announced how thoroughly prepared she was to testify after reviewing various contents of a "binder" which her counsel sent to her. This statement and additional statements which Ms. Germanotta made (*see infra*) entitle Ms. O'Neill to production of those documents.

If a document was reviewed to refresh a witness's memory prior to testifying, Fed.R.Evid. 612 requires its production. *Bank Hapoalim, B.M. v. American Home Assur. Co.*, 1994 WL 119575, *5 (S.D.N.Y. 1994). The rationale is that information used to assist a witness in preparing her substantive testimony regarding its subject matter may have a suggestive effect, thereby affecting the testimony's accuracy. *Id.* The Advisory Committee Notes to the 1972 Proposed Rules provide, in relevant part, that "[t]he purpose of the rule is ... to promote the search of credibility and memory."

Ms. Germanotta testified:

> I have an extensive knowledge of Jennifer's work, where she -- who she was speaking to, what she was doing. I know everything about this case, I've read it cover to cover, her entire deposition, I know everything about it. T8.[2]

Later, Ms. Germanotta elaborated that she was "up for like a week straight reading all of this evidence" provided by her counsel. T47. She said she reviewed all of the materials to "prepare" for her deposition, adding that she "spent the whole ... day" doing so, and specifically identified several such documents. T143-44, 50-52. She added that she was "sure [the binder] was designed to paint a story as to the things that [counsel] found that defend [her] case in particular, and [she] was quite surprised and pleased that they found the things that they did." T51. She "thought it was all helpful to her." T51.

---

[2] "T__." refers to Ms. Germanotta's deposition testimony taken on August 6, 2012.

# Proskauer»

Hon. Paul G. Gardephe
October 12, 2012
Page 6

The binder's contents do not comprise attorney work product and are not clothed with an attorney-client privilege within the meaning of Fed. R. Evid. 612. There appear to be no attorney's "mental impressions, conclusions, opinions, or legal theories," Fed.R.Civ.P. 26(b)(3), which would give rise to the heightened level of work product protection. *See Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 466 (S.D.N.Y. 1993). Nor is there any indication that counsel communicated to Ms. Germanotta within the contents of the binder. Rather, the binder is represented to be simply a factual compendium of the evidence exchanged during discovery, which is not protected. *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 119 F.R.D. 4, *6 (E.D.N.Y. & S.D.N.Y. 1988); *see also Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir.1987); *Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 1994 WL 510043, *17 (S.D.N.Y. 1994) ("[although] in some instances an attorney's compilation of documents for review by a witness is protected as work product, this is not an absolute rule").

In any event, any privilege against disclosure would not be "'absolute' and may have to yield in appropriate circumstances." *Ehrlich v. Howe*, 848 F.Supp. 482, 493 (S.D.N.Y. 1994) (*citing In re John Doe Corp.*, 675 F.2d 482, 492 (2d Cir.1982)). The case at bar presents such "appropriate circumstances," where Ms. Germanotta gave testimony based on her review and understanding of the significance of the contents within the binder, and not based on her own, independent recollection. Ms. O'Neill is entitled to test Ms. Germanotta's credibility as a result, and cannot do so without knowing on what Ms. Germanotta relied. *See e.g. Thomas v. Euro RSCG Life*, 264 F.R.D. 120, 122 (S.D.N.Y. 2010); *Bank Hapoalim, B.M., supra* at *7.

### Defendants' Position

The documents in the binder provided to Ms. Germanotta in preparation for her deposition are protected by the attorney work product privilege. The only possible reasons that Plaintiff seeks the binder are to see which documents Defendants' counsel deem important to this case or to see the "story" that Defendants' counsel portrayed to Ms. Germanotta, which reflects counsel's theory of this case. T51. In addition, Federal Rule of Civil Procedure 26(b)(3) states that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative...[unless the requesting party] shows that it has substantial need for the materials...." As Defendants stated in their response and objections to Plaintiff's Fourth Request for the Production of Documents, Defendants have already produced the documents contained in the binder.

The courts that have addressed this issue, including the Second Circuit, have stated that the compilation of documents by counsel is privileged work product. *See Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985)(the selection and compilation of documents by counsel in preparation for pre-trial discovery falls within the highly protected category of opinion work product); *Gould v. Mitsui Mining & Smelting Co., Ltd.*, 825 F. 2d 676, 679-80 (2d Cir. 1987)(the application of *Sporck* rests on the real, rather than speculative, concern that the thought processes of the attorney would be exposed); *In re Grand Jury Subpoenas*, 959 F.2d 1158, 1166 (2d Cir. 1992)("where a request is made for documents already in the possession of the requesting party,

## Proskauer»

Hon. Paul G. Gardephe
October 12, 2012
Page 7

with the precise goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected.").

None of the cases upon which Plaintiff relies require the production of the binder. Indeed, the cases cited by Plaintiff expressly state that an attorney's compilation of documents, whereby the attorney places them in a particular order, is accorded protection because its revelation would show the attorney's legal strategy. *See In re Joint Eastern and Southern Dist. Asbestos Litigation*, 119 F.R.D. 4, 6 (E.D.N.Y. & S.D.N.Y. 1988); *Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 (2d Cir.1987); *Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 1994 WL 510043, 90-cv-7811, *17 (S.D.N.Y. 1994). In these cases, however, the courts stated that they will not afford protection when the compiled documents consist of materials that do not expose an attorney's thinking or legal strategy. Nevertheless, these cases stated that *Sporck* should be relied upon and documents should be protected in cases precisely like this one.

While Plaintiff correctly states that the privilege against disclosure of an attorney's impressions and theories is not absolute, the disclosure of privileged documents is required only when an adversary has "substantial need" for the documents and is unable to obtain its equivalent by other means. *Ehrlich v. Howe*, 848 F. Supp. 482, 492-93 (S.D.N.Y. 1994.) Because here, Plaintiff is already in possession of the contents of the binder, the only issue Plaintiff has a "need" for is Defendants' counsel's thought process in compiling the binder. However, since the compilation of documents reflects Defendants' attorneys' privileged work product, the binder is protected and its production should not be required.

\*   \*   \*

In view of the foregoing, it is requested that this Court schedule a pre-motion conference at its earliest convenience. Thank you for your consideration of this matter.

Respectfully submitted,

SNITOW KANFER HOLTZER &           PROSKAUER ROSE, LLP
MILLUS, LLP

*/s/ Virginia K. Trunkes*                   */s/ Steven D. Hurd*   RF
Virginia K. Trunkes                         Steven D. Hurd