PROSKAUER ROSE LLP
Steven D. Hurd
Brian J. Gershengorn
Eleven Times Square
New York, New York 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

JENNIFER L. O'NEILL,                                  :
                                                      :
                                    Plaintiff,        :     Civ. No.:  11 CIV 9128 (PGG)
                    -- against --                     :     ECF
                                                      :
MERMAID TOURING INC. AND                              :
STEFANI GERMANOTTA, a/k/a                             :
"LADY GAGA,"                                          :
                                    Defendants.       :
                                                      :
                                                      :
------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN**
**<u>OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT FACTUAL BACKGROUND ................................................................ 3

    1.  The Present Action ................................................................................... 3

    2.  Discovery ................................................................................................. 4

    3.  Post-Discovery ........................................................................................ 7

ARGUMENT

    I.  Defendants' Conduct Was Completely Appropriate Because Defendants Produced All Relevant and Responsive Documents In Their Possession ........................................ 12

    II.  Plaintiff's Objection To The Language Used In Defendants' July 27, 2012 Discovery Responses Is Untimely And Should Not Be Considered ................................. 17

CONCLUSION ...................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Assicurazioni Generali, Spa v. Terranova*,
    No. 83-cv-1490, 1986 U.S. Dist LEXIS 22850 (S.D.N.Y. July 15, 1986)............................16

*Atwell v. City of New York*,
    No. 07-cv-2365, 2008 WL 5336690 (S.D.N.Y. Dec. 15, 2008)............................................12

*Balabar-Strauss v. Tartaglione*,
    No. 06-cv-13560, 2008 U.S. Dist. LEXIS 8520 (S.D.N.Y. Feb. 5, 2008)............................16

*Carling v. Peters*,
    No. 10-cv-4573, 2011 WL 3678839 (S.D.N.Y. Aug. 19, 2011)......................................13, 16

*Commercial Data Servers, Inc., v. IBM*,
    262 F. Supp. 2d 50 (S.D.N.Y. 2003)...................................................................................15

*Gagasoules v. Mbf Leasing, LLC*,
    No. 08-cv-2409, 2012 U.S. Dist. LEXIS 142563 (E.D.N.Y. Sept. 29, 2012) ........................15

*Glaves-Morgan v. City of New York*,
    No. 11-cv-1248, 2012 WL 951859 (S.D.N.Y. Mar. 21, 2012)..............................................19

*Grinblat v. City of New York*,
    No. 01-cv-3609, 2002 U.S. Dist. LEXIS 22380 (S.D.N.Y. Nov. 19, 2002)..........................16

*Margel v. E.G.L. Gem Lab Ltd.*,
    No. 04-cv-1514, 2008 WL 2224288 (S.D.N.Y May, 29, 2008) ............................................13

*Nasca v. Town of Brookhaven*,
    No. 05-cv-0122, 2007 U.S. Dist. LEXIS 85079 (E.D.N.Y. Nov. 16, 2007) ........................15

*Nycomed v. Glenmark Generics Ltd.*,
    No. 08-cv-5023, 2009 WL 3463912 (E.D.N.Y. Oct. 21, 2009) ....................................18, 19

*Okoumou v. Safe Horizon*,
    No. 03-cv-1606, 2007 WL 1597961 (S.D.N.Y. June 1, 2007) ......................................13, 16

*Schoenberg v. Shapolsky Publishers*,
    971 F.2d 926 (2d Cir. 1992).................................................................................................12

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
    490 F.3d 130 (2d Cir. 2007).................................................................................................12

*Sobol v. E.P. Dutton, Inc.*,
    112 F.R.D. 99 (S.D.N.Y. 1986) ...........................................................................................17

*Williams v. Bank Leumi Trust Co.*,
  No. 96-cv-6695, 1999 U.S. Dist. LEXIS 8465 (S.D.N.Y. June 7, 1999) ...............................17

*Woodward v. Mullah*,
  No. 08-cv-00463, 2010 U.S. Dist. LEXIS 44174 (W.D.N.Y. Feb. 22, 2010) ........................15

*Zubulake v. UBS Warburg LLC*,
  220 F.R.D. 212 (S.D.N.Y. 2003) ........................................................................................14


**STATUTES**

29 U.S.C. §§ 201 *et seq.* ("FLSA") ...........................................................................................3
29 U.S.C. § 216(b) .........................................................................................................................4
New York State Labor Law, §§ 190 *et seq.* ("NYSLL") ...............................................................3
NYSLL ............................................................................................................................................3
NYSLL § 198(1-a) ..........................................................................................................................4


**OTHER AUTHORITIES**

12 N.Y.C.R.R. § 142-2.4 ...............................................................................................................3
F.R.C.P. Rule 26(b)(2)(B) .............................................................................................................13
*Federal Practice and Procedure* § 2213 .....................................................................................13
Rule 26 ..........................................................................................................................................12
Rule 26(b)(2)(B) ............................................................................................................................13
Rule 34(a) ......................................................................................................................................12
Rule 37 ..........................................................................................................................................15

<u>**PRELIMINARY STATEMENT**</u>

Defendants submit this memorandum of law in Opposition to Plaintiff's Motion for

Sanctions (the "Motion"). Plaintiff's Motion relates to a number of unfounded and speculative

accusations with respect to her hausofgaga.com email account that have evolved throughout

discovery and which continue to evolve with the filing of her Motion. Plaintiff's Second

Request for Production of Documents, which were served on June 27, 2012, requested "[c]opies

of any emails sent by Ms. O'Neill and/or received by Ms. O'Neill in the hausofgaga.com email

account." (Pl. Mot. Sanctions, Ex. G.) Defendants served Plaintiff with their Responses and

Objections to Plaintiff's Second Request for Production of Documents on July 27, 2012, and

stated and subsequently reiterated on a number of occasions that they "were not in possession of

Ms. O'Neill's hausofgaga.com email account," but would produce "non-privileged, responsive

emails in hard copy sent to Plaintiff's hausofgaga.com email account from Defendant

Germanotta's email account and emails received in Defendant Germanotta's email account from

Plaintiff's hausofgaga.com email account." (Pl. Mot. Sanctions, Ex. H.) On August 2, 2012,

Plaintiff raised a concern in regards to Defendants' July 27, 2012 discovery response and

objection to her request for any and all emails from Plaintiff's hausofgaga.com email account.

(Pl. Mot. Sanctions, Ex. I.) Defendants responded to Plaintiff by letter dated August 23, 2012, in

which Defendants again stated that they "do not possess any further responsive documents" other

than what had already been produced. *Id.* Then, on August 28, 2012, Defendants explained,

after they were able to verify this information, that Ms. O'Neill's "email account was destroyed

on March 7, 2011, two days after Ms. O'Neill was terminated." *Id.* Discovery closed on

September 4, 2012. Declaration of Brian J. Gershengorn, Ex. 1. ("Gershengorn Decl.")

In an October 12, 2012 joint letter to the Court, Plaintiff withdrew her concerns about her hausofgaga.com email account and instead alleged, for the first time (over a month after the close of the parties' discovery deadline), that Defendants had withheld emails received by Defendant Stefani Germanotta ("Ms. Germanotta").  (Pl. Mot. Sanctions, Ex. J.)  Plaintiff based this new and untimely allegation on her contention that she was able to locate emails during a forensic analysis of her own computer, inexplicably done after the close of discovery, that were not produced by Defendants.  According to Plaintiff, these emails were "more illuminating" than the thousands of documents produced by Defendants.  (Pl. Mot. Sanctions, Ex. J.)  Then, during the parties' November 28, 2012 teleconference with the Court, after Defendants' counsel confirmed they had produced all responsive documents in Defendants' possession, Plaintiff changed her argument yet again in regards to her hausofgaga.com emails.  Plaintiff represented to the Court that a "technical analysis" of Defendants' production indicated that Defendants withheld emails.  Gershengorn Decl., Ex. 2, p. 5.  Finally, in her current Motion, Plaintiff appears to have abandoned her argument raised to the Court during the November 28, 2012 teleconference and raises yet another new allegation (this time nearly four months after the close of the parties' discovery deadline): that, over five (5) months ago, Defendants craftily worded their responses to a singular document request in order to withhold emails on which both Plaintiff and Ms. Germanotta were recipients.  (Pl. Mot. Sanctions, 9-10.)

Regardless of Plaintiff's ever shifting hausofgaga.com email allegations, they are all factually inaccurate.  Moreover, contrary to Plaintiff's most recent allegation, Defendants have produced emails on which Plaintiff and Ms. Germanotta were both recipients, and did not withhold any such documents.  In addition, during the November 28, 2012 teleconference, the Court specifically stated that Plaintiff should proceed with her Motion only if she could point to

"some evidence" that Defendants withheld emails (Gershengorn Decl., Ex. 2, p. 3), "attaching documents that you believe demonstrate withholding information and so forth." *Id*. at 5. Plaintiff represented to the Court that she would do so and that she "would need to get a declaration from a computer expert." *Id*. at 35. However, these arguments and supporting documentation are conspicuously absent from Plaintiff's Motion.

Plaintiff's conclusory, unsupported and unfounded allegations do not support her Motion. Rather, Plaintiff's accusations with respect to her hausofgaga.com emails are based on a number of moving targets riddled with misrepresentations to both Defendants and the Court. Defendants have produced all relevant and responsive documents in their possession. In addition, Plaintiff's objection to Defendants' July 27, 2012 Responses and Objections to Plaintiff's Second Request for Documents is untimely and should not be considered. Accordingly, Plaintiff's Motion should be denied in its entirety as Defendants' conduct was not sanctionable, but, instead, wholly appropriate under the Federal Rules of Civil Procedure.

## RELEVANT FACTUAL BACKGROUND

### 1. The Present Action

On June 7, 2012, Plaintiff filed her Amended Complaint ("Compl. ¶___") against Defendants Mermaid Touring, Inc. ("Mermaid") and Stefani Germanotta, a/k/a/ "Lady Gaga." Plaintiff was employed as a personal assistant to Ms. Germanotta in early 2009 and also from about February 5, 2010 through her termination on March 5, 2011. (Compl. ¶ 20). Plaintiff asserts three causes of action: (1) violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") for Defendants' alleged failure to pay overtime wages; (2) violation of the New York State Labor Law, §§ 190 *et seq*. ("NYSLL") for Defendants' alleged failure to pay overtime wages; and (3) violation of the NYSLL, 12 N.Y.C.R.R. § 142-2.4, for

Defendants' alleged failure to pay an additional hour's pay at the minimum hourly wage rate for each day which she worked ten (10) or more hours. (Compl. ¶ 34-49). Plaintiff also seeks liquidated damages, attorneys' fees, costs, pre-judgment interest and other relief under 29 U.S.C. § 216(b), other applicable federal laws and NYSLL § 198(1-a). (Compl. ¶ 2).  Specifically, Plaintiff alleges that she was "expected to be working and/or on call every hour of every day" during the course of her employment at Mermaid (Compl. ¶ 19) and as a result, she is owed unpaid overtime pay for every hour of every day beyond forty hours per week (an additional 128 hours) for every week of her employment. (Compl. ¶ 22).

   **2.  <u>Discovery</u>**

Defendant Mermaid Touring, Inc. was served with Plaintiff's First Set of Document Requests on March 2, 2012.[1]  In relevant part, Plaintiff sought documents that "refer, reflect or evidence any period" in which Plaintiff "was completely off-duty during the term of her employment."  (Pl. Mot. Sanctions, Ex. F.)  Defendants served Plaintiff with their Responses and Objections to Plaintiff's First Request for Production of Documents on June 11, 2012. Gershengorn Decl., Ex. 3.  Defendants produced all relevant and responsive documents in their possession to this request.

Defendants were then served with Plaintiff's Second Request for Production of Documents on June 27, 2012.  (Pl. Mot. Sanctions, Ex. G.)  In Request No. 20, Plaintiff sought "[c]opies of any emails sent by Ms. O'Neill and/or received by Ms. O'Neill in the hausofgaga.com email account" and in Request No. 23 Plaintiff sought "[c]opies of emails sent from Wendi Morris' email account referring, relating to, or concerning Ms. Germanotta's work

---

[1] Ms. Germanotta was added as a Defendant on June 7, 2012.

schedule."[2]  *Id*.  Defendants served Plaintiff with their Responses and Objections to Plaintiff's

Second Request for Production of Documents on July 27, 2012.  Gershengorn Decl., Ex 5.[3]  In

response to Request No. 20, Defendants clearly stated that they were "not in possession of Ms.

O'Neill's hausofgaga.com e-mail account," but would produce "non-privileged, responsive

emails in hard copy sent to Plaintiff's hausofgaga.com email account from Defendant

Germanotta's email account and emails received in Defendant Germanotta's email account from

Plaintiff's hausofgaga.com email account."  *Id*.  On August 2, 2012, Defendants received a letter

from Plaintiff in which Plaintiff alleged that Defendants had "a greater burden" than to state that

they were "not in possession of Ms. O'Neill's hausofgaga.com email account."  (Pl. Mot.

Sanctions, Ex. I.)  On August 17, 2012, Defendants received another letter from Plaintiff in

which Plaintiff stated that she was "yet to receive an adequate response" to her request for her

hausofgaga.com emails.  *Id*.  Defendants responded to Plaintiff by letter dated August 23, 2012,

in which Defendants again stated that they "do not possess any further responsive documents"

other than what had already been produced.  *Id*.  On August 24, 2012, Defendants received a

letter from Plaintiff in which Plaintiff alleged that "Defendants and their counsel must take the

additional steps necessary to produce Ms. O'Neill's hausofgaga.com incoming and outgoing

emails—in electronic format—or properly set forth why the documents are being withheld."  *Id*.

Defendants responded to Plaintiff on August 28, 2012, explaining that "the email account was

---

[2] Ms. Morris was Ms. Germanotta's day-to-day manager during the relevant time period.  Ms.
Morris was employed by Atom Factory, a privately owned artist management company, and not
by Defendants.  See Gershengorn Decl., Ex. 4.
[3] While Plaintiff included a portion of Defendants' July 27 discovery responses and objections as
Exhibit H of her moving papers, Plaintiff omitted the page which states the date on which Defendants'
papers were served.  Given the significance of the date on which Defendants served
Plaintiff with their discovery responses, Defendants have attached a true and correct copy of the
complete July 27 discovery responses and objections which includes the date on which they were
served.

destroyed on March 7, 2011, two days after Ms. O'Neill was terminated," which happened "well before the commencement of this action." *Id*. See also Declaration of Bobby Campbell ("Campbell Decl."), ¶ 5.[4]

Additionally, in response to Request No. 23, Defendants produced all emails in their possession sent to Ms. Morris' email account from Ms. Germanotta's email account and emails received in Ms. Germanotta's email account from Ms. Morris' email account.  Gershengorn Decl., Ex. 6.  (See also Pl. Mot. Sanctions, Ex. H.)

Interestingly, Plaintiff's Motion fails to mention Document Requests Nos. 21 and 22 of her June 27, 2012 Second Request for Production of Documents as well as Defendants' July 27, 2012 Responses and Objections.  In Request No. 21, Plaintiff requested "[c]opies of emails received by Ms. Germanotta from any employee of Mermaid Touring, Inc. and/or Team Tours, Inc., referring or relating to Ms. O'Neill's employment with Mermaid Touring, Inc."  (Pl. Mot. Sanctions, Ex. H.)  In response to Request 21, Defendants produced all relevant and responsive documents in their possession.  *Id*.  In Request No. 22, Plaintiff requested "[a]ll emails sent by Ms. Germanotta to any employee of Mermaid Touring, Inc. and/or Team Tours referring or relating to Ms. O'Neill's employment with Mermaid Touring, Inc."  *Id*.  Again, in response to Request 22, Defendants produced all relevant and responsive documents in their possession.  *Id*.

Indeed, Defendants produced every relevant and responsive email in their possession, including emails in Ms. Germanotta's email account that were sent or received by Plaintiff's

---

[4] Bobby Campbell is the Chief Marketing Officer at Atom Factory, a privately owned artist management company.  Ms. Germanotta is one of Atom Factory's clients.  As a service to Ms. Germanotta, Atom Factory administers the hausofgaga.com email accounts.  See Campbell Decl. ¶¶ 1-4.

hausofgaga.com email account.[5]   As a result, Defendants produced emails on which both Ms.

Germanotta and Ms. O'Neill were recipients. Gershengorn Decl., Ex. 7.[6]   Thus, Plaintiff's

allegation that Defendants did not produce emails on which both Ms. Germanotta and Plaintiff

were recipients is factually inaccurate.   Discovery in this matter closed on September 4, 2012.

Gershengorn Decl., Ex. 1.

### 3. __Post-Discovery__

Despite Defendants' factual assertion that Plaintiff's hausofgaga.com email account had

been destroyed, and therefore any emails sent to or from Plaintiff's hausofgaga.com email

account could be found only in Ms. Germanotta's email account, Plaintiff sent yet another letter

to Defendants on September 7, 2012.  (Pl. Mot. Sanctions, Ex. I.)  Plaintiff was now alleging that

she was "entitled to evidence that the entire email account was actually destroyed on March 7,

2011, that she was "entitled to information about Defendants' standard operating procedure"

with respect to the destruction of the email accounts of former employees, and that she was

"entitled to a signed affidavit from Defendants' custodian of records detailing all steps taken to

identify all documents responsive to Plaintiff's request for her hausofgaga.com emails." _Id._  On

September 19, 2012, Plaintiff sent another letter to Defendants purporting to provide case law in

support of the proposition that a party producing documents must search all available electronic

---

[5] Plaintiff admits that Defendants produced relevant and responsive emails to and from
Plaintiff's personal email account, which she used to communicate with Ms. Germanotta and
others throughout the entire course of her employment, including after her hausofgaga.com email
account was created.  (Pl. Mot. Sanctions, 4.)

[6] In Defendants' email production, emails to or from "Boss," "bornthisway," "GHaus," and
"Gaga" are all emails to or from Ms. Germanotta.  Defendants are producing an unredacted hard
copy of Exhibits 6 and 7 to Plaintiff.  For purposes of e-filing, Defendants have redacted email
addresses and telephone numbers in the emails attached to Exhibits 6 and 7.  Defendants will
also provide the Court with an unredacted courtesy copy of Exhibits 6 and 7.  Additionally, it
should be noted that Plaintiff has already received unredacted versions of these emails contained
in Exhibits 6 and 7 since Defendants did not redact email addresses or telephone numbers in their
document production to Plaintiff.

systems for deleted emails.  *Id.*  Over the course of two months, Defendants repeatedly informed

Plaintiff, in response to her many inquiries, that they were not in possession of her

hausofgaga.com email account, that the email account had been destroyed, and that Defendants

had already produced all responsive documents in their possession.  *Id.*

On September 13, 2012, the Court held a conference during which the Court specifically

instructed the parties that, to the extent they were "not able to work out" their discovery issues,

"whatever they may be," the Court would resolve any outstanding issues by October 12, 2012.

Gershengorn Decl., Ex. 8, pp. 10-11.  The parties submitted a joint letter to the Court on October

12, 2012 addressing their remaining discovery disputes.  (Pl. Mot. Sanctions, Ex. J.)  Despite the

correspondence between the parties from July through September 2012, Plaintiff admitted, in the

joint letter, that after speaking with a computer consultant, "there would be little hope of locating

traces of Ms. O'Neill's hausofgaga.com emails in Ms. Germanotta's computer, and even so, they

would not likely include Ms. O'Neill's emails which were not sent to or received from Ms.

Germanotta."  *Id*.  Thus, Plaintiff withdrew her request that Defendants produce her

hausofgaga.com email account.  *Id*.

However, in the parties' joint discovery letter to the Court, Plaintiff alleged, for the first

time, that she had undergone a forensic analysis of her <u>own</u> computer and retrieved additional

emails between Plaintiff and Ms. Germanotta and between Ms. Germanotta and Ms. Morris

referring to Ms. Germanotta's work schedule that had not been produced by Defendants.  (Pl.

Mot. Sanctions, Ex. J.)  Plaintiff also claimed that "the additional, non-produced emails from Ms.

Morris concerning Ms. Germanotta's schedule are more illuminating as to the whereabouts of the

parties on relevant dates and times than what Defendants produced during discovery."  *Id*.

Finally, without any support, Plaintiff claimed that these emails "were clearly within Defendants'

possession, custody and control" and that "[t]heir omission has been prejudicial to Ms. O'Neill's ability to better substantiate her claims." *Id.*

Defendants responded in the joint letter, as they had on numerous prior occasions, that they had already, "in good faith, produced all of the relevant and responsive emails in their possession." (Pl. Mot. Sanctions, Ex. J.)  Defendants also explained that:

> The fact that Plaintiff located emails on her computer that could no longer be located in Ms. Germanotta's email does not indicate that Defendants have withheld evidence.  Ms. Germanotta's email account is a Google web-based account and any emails that Ms. Germanotta deleted were stored for only 30 days.  Defendants thoroughly searched Ms. Germanotta's email for all documents related to Plaintiff's employment and produced all relevant and responsive documents that were found.  Any deletions were made well before Defendants had any obligation to preserve the documents . . . Indeed, New York courts have held that a party's good faith search of all documents in its possession is sufficient to fulfill its discovery obligations.

*Id.*

The Court addressed these issues during the parties' November 28, 2012 teleconference. During this teleconference, Defendants' counsel stated that Defendants had produced all relevant and responsive documents in their possession.  Gershengorn Decl., Ex. 2, p. 4.  Plaintiff's counsel explained that Plaintiff had uncovered additional emails between Plaintiff and Ms. Germanotta when she had conducted a forensic analysis of her own computer, and alleged that "while these e-mails should have been readily accessible from defendants, it does seem like only bits and pieces were given to us selectively, as what we did recover seemed far more illuminating about the underlying issues than what we did receive."  Gershengorn Decl. Ex. 2, p. 3.  In addressing Plaintiff's counsel, the Court specifically stated that "what I need to hear from you at this point is *some evidence* that although they say they don't have the emails anymore, that that's false." (emphasis added) *Id.* at 4.  Plaintiff's counsel stated that "[w]e are happy to *supply what we found and explain its relevance* and to elaborate on this further with any

technical descriptions of how computers work, et cetera." (emphasis added) *Id*. at 5. Plaintiff's

counsel alleged that, based on a "technical analysis" of the documents produced, Defendants

must have withheld documents. *Id*. After hearing from both sides, the Court denied Plaintiff's

motion for default judgment and other sanctions, but did so without prejudice to Plaintiff. *Id*. at

6. The Court made it clear that, if Plaintiff were to pursue a motion, "it has got to be in a *much*

*more specific way*, attaching documents that you believe demonstrate withholding information

and so forth." (emphasis added) *Id*. Plaintiff's counsel stated that she would do so and that she

"would need to get a *declaration from a computer expert*." (emphasis added) *Id*. at 35.

However, instead of addressing the issues raised in the parties' October 12 joint letter or

those raised with the Court during the November 28 teleconference, Plaintiff now raises an

entirely <u>new</u> allegation in her current Motion - that Defendants specifically withheld documents

on which both Plaintiff and Ms. Germanotta were recipients. (Pl. Mot. Sanctions, 9.) According

to Plaintiff's latest allegation, Defendants' "unilateral decision not to produce more than those

emails directly between Ms. O'Neill and Ms. Germanotta—and their careful construction of their

written response to Ms. O'Neill's request for her hausofgaga.com emails—was in bad faith and

is sanctionable." *Id*. at 10. Plaintiff alleges, for the first time, that the wording of "Defendants'

document responses [was] false, misleading and deficient." *Id*. at 12. According to Plaintiff, she

"utilized her personal email account to communicate with Ms. Germanotta and others" at "the

outset of her employment. *Id.* at 4. Plaintiff's hausofgaga.com email account was created on

December 7, 2010 and used regularly thereafter until the deletion of her hausofgaga.com email

account on March 7, 2011. *Id.* Thus, Plaintiff specifically alleges that Defendants withheld

emails sent or received by Plaintiff's hausofgaga.com email account from December 7, 2010

until March 7, 2011. *Id.* However, Defendants produced emails that were not directly between

10

Plaintiff and Ms. Germanotta, and were received by both Plaintiff and Ms. Germanotta, from throughout the course of Plaintiff's employment.  Contrary to Plaintiff's allegations, Defendants produced all relevant and responsive emails in their possession, including emails addressed to Plaintiff's hausofgaga.com account and Ms. Germanotta between December 7, 2010 and March 7, 2011—the very emails that Plaintiff alleges were categorically withheld.  See Gershengorn Decl., Ex. 7.  Interestingly, Plaintiff's Motion is devoid of any reference to these emails.

In addition, and contrary to the Court's instruction, Plaintiff has not identified the emails which are "more illuminating" than those already produced by Defendants in this case.  (Pl. Mot. Sanctions Ex. J); see also Gershengorn Decl., Ex. 2, p. 3.  Plaintiff has also failed to explain how the emails in question are "essential" to proving her claims (Pl. Mot. Sanctions, 5) or how she has "been prejudiced" by the alleged nonproduction of the emails.  *Id.*  at 21.  Even more shocking, Plaintiff's Motion is devoid of any technical support for her arguments or any supporting documentation showing more than her conclusory allegation that Defendants withheld emails.[7]

Finally, Plaintiff never raised any concern about the phrasing of Defendants' July 27, 2012 discovery responses until serving Defendants with her Motion three and a half months after the close of discovery and nearly five months after she was served with the discovery responses.  Plaintiff's counsel never wrote Defendants a deficiency letter setting forth the alleged issues in regards to the wording of Defendants' responses and objections to her document requests, and never brought a motion to compel.

---

[7] Plaintiff's failure to provide support for her unfounded arguments in her initial papers does not permit her to raise technical issues or related affidavits on Reply.  Any attempt by Plaintiff to supplement her papers and address this glaring deficiency in her Motion should be disregarded by the Court.

## ARGUMENT

### I. Defendants' Conduct Was Completely Appropriate Because Defendants Produced All Relevant and Responsive Documents In Their Possession.

A Rule 34(a) request for the production of documents may seek any documents within the scope of Rule 26 which are in the possession, custody or control of the party upon whom the request is served. *Atwell v. City of New York*, No. 07-cv-2365, 2008 WL 5336690, at *1 (S.D.N.Y. Dec. 15, 2008). Under F.R.C.P. 34(a), "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007). Indeed, it is a "factual impossibility" for a court to order an individual "to produce documents that are not in his possession or control." *Schoenberg v. Shapolsky Publishers*, 971 F.2d 926, 935 (2d Cir. 1992).

Plaintiff disingenuously alleges, for the first time, that the emails that Defendants produced involving Plaintiff's hausofgaga.com email account "were solely those between Ms. O'Neill and Ms. Germanotta" and that Defendants did not produce "emails received by both Ms. Germanotta and Ms. O'Neill" which were sent or received by others. (Pl. Mot. Sanctions, 6-7.) Plaintiff alleges that Defendants had "ready access" to emails in which "Ms. Germanotta and Ms. O'Neill were both recipients," and that Defendants made a "unilateral decision not to produce more than those emails directly between Ms. O'Neill and Ms. Germanotta." (Pl. Mot. Sanctions, 9-10.) Plaintiff specifically alleges that Defendants withheld emails sent or received by Plaintiff's hausofgaga.com email account from December 7, 2010 through March 7, 2011. (Pl. Mot. Sanctions, 4.) However, Plaintiff's allegations are factually inaccurate. Defendants have produced every relevant and responsive email in their possession, including emails which were not directly between Plaintiff and Ms. Germanotta, and were received by both Plaintiff and Ms. Germanotta, from throughout the course of Plaintiff's employment. In fact, the record evidence

12

demonstrates that Defendants produced the very emails that Plaintiff is now alleging were categorically withheld— emails addressed to Plaintiff's hausofgaga.com account and Ms. Germanotta dated December 7, 2010 through March 7, 2011.  See, e.g., Gershengorn Decl., Ex 7.  Thus, Plaintiff's allegations in her Motion are disingenuously based on a misrepresentation to the Court.  Finally, it should be noted that a number these emails are from February and March 2011, a period of time in which Plaintiff refers to as "particularly germane" to her allegations.  (Pl. Mot. Sanctions, 4.)[8]

Plaintiff relies on her own subjective belief, based on nothing more than mere speculation, that Defendants have emails in their possession which they failed to produce.  "It is often the case during litigation that one party believes her adversary is withholding documents." *Carling v. Peters*, No. 10-cv-4573, 2011 WL 3678839, at *2 (S.D.N.Y. Aug. 19, 2011); *Okoumou v. Safe Horizon*, No. 03-cv-1606, 2007 WL 1597961, at *1 (S.D.N.Y. June 1, 2007). However, "[u]nder ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in [its] possession, custody or control, should resolve the issue of failure of production."  *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-cv-1514, 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008)(citing *Zervos v. S.S. Sam Houston*, 79 F.R.D. 593, 595 (S.D.N.Y. 1978).  *See also Federal Practice and Procedure* § 2213 ("[i]t should be enough for the party to respond [to document requests] by saying that a particular document is not in existence or that it is not in the responding party's possession, custody or control.  The responding party, of course, may elaborate on this if it wishes and the more fully it demonstrates that it does not have the document the more likely it is that the discovering party will be content with the response.")[9]

_____

[8] See also footnote 5, *supra*.
[9] Plaintiff alleges that Defendants did not "elaborate on the unavailability of emails from Ms. O'Neill's hausofgaga.com account or identify the sources of electronically stored information

Defendants provided Plaintiff with accurate responses to all of her discovery requests. Moreover, Plaintiff never raised a concern with Defendants' counsel in regards to discovery, never wrote a deficiency letter setting forth any alleged deficiency in the wording of Defendants' responses and objections to her document requests, and never brought a motion to compel. Rather, now, Plaintiff alleges that a forensic analysis of her computer "confirmed that additional emails from Ms. O'Neill's hausofgaga.com account were available to Defendants."  (Pl. Mot. Sanctions, 8.)  According to Plaintiff, the "evidence" that the emails "were just as accessible" to Defendants is "demonstrated by Ms. O'Neill's forensic analysis, since they were sent to Ms. Germanotta as well."  (Pl. Mot. Sanctions, 19.)  However, Plaintiff conducted this "forensic analysis" of her emails more than a month after the close of discovery; and the fact that Plaintiff found additional emails through a forensic analysis of <u>her own</u> computer does not mean that Defendants withheld any emails.  Indeed, as explained by Defendants, Ms. Germanotta's email account is a Google web-based account and any emails that Ms. Germanotta deleted were preserved for only 30 days.  (See Pl. Mot. Sanctions at Ex. J); Campbell Decl. ¶¶ 6-7.  To the extent that Ms. Germanotta deleted any emails, such deletions were made well before Defendants had any obligation to preserve documents.  *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)("[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.")  Defendants do not maintain any backup tapes

---

which were not reasonably accessible because of undue burden or cost, as they are required to under F.R.C.P. Rule 26(b)(2)(B)."  (Pl. Mot. Sanctions, 6.)  However, Rule 26(b)(2)(B) requires that, "*[o]n motion to compel discovery or for a protective order*, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost" (emphasis added).  Plaintiff never made a motion to compel or for a protective order. Plaintiff thus misstates the applicable Rule and attempts to impose requirements on Defendants beyond what is required of them by the Federal Rules of Civil Procedure.

and did not preserve any emails beyond the 30-day period after which they are permanently deleted.  (See also Pl. Mot. Sanctions at Ex. J); Campbell Decl. ¶¶ 7-8.  Thus, it is not surprising that emails once sent or received by Ms. Germanotta are no longer in Defendants' possession. This is especially true given the content of the emails requested, which relate to scheduling and day-to-day tasks that would likely be inconsequential to Ms. Germanotta within days (or even hours) after they were sent or received.  In addition, Plaintiff and Ms. Germanotta were close friends during the course of Plaintiff's employment, and Ms. Germanotta had no reason to save these mundane emails (e.g., that related to her daily schedule) or suspect that Plaintiff's termination would result in litigation against her.

Therefore, the fact that Plaintiff located emails on her computer that are no longer in Defendants' possession does not indicate that Defendants withheld any documents.  To the contrary, such inconsistencies are not surprising in a situation such as this.  *See, e.g.*, *Nasca v. Town of Brookhaven*, No. 05-cv-0122, 2007 U.S. Dist. LEXIS 85079, at *5-*6 (E.D.N.Y. Nov. 16, 2007)("[w]hile there is evidence produced that could be said to be inconsistent, this is not unusual in discovery and, in any event, certainly does not constitute a basis for Rule 37 sanctions."); *Woodward v. Mullah*, No. 08-cv-00463, 2010 U.S. Dist. LEXIS 44174, *23 (W.D.N.Y. Feb. 22, 2010)("[t]he fact that they have been unable to locate the response to plaintiff's undated letter does not make their conduct sanctionable.")  Sanctions are especially unwarranted given Defendants' good faith in responding to Plaintiff's discovery requests.  *See Gagasoules v. Mbf Leasing, LLC*, No. 08-cv-2409, 2012 U.S. Dist. LEXIS 142563, *39 (E.D.N.Y. Sept. 29, 2012)("[t]he standard for imposing sanctions is high, and something which this Court is loathe to do absent clear evidence of bad faith"); *Commercial Data Servers, Inc., v. IBM,*  262 F. Supp. 2d 50, 62 (S.D.N.Y. 2003)("[c]ourts in this Circuit have considered

15

imposition of sanctions under Rule 37 a drastic remedy that should only be applied in those rare cases where a party's conduct represent flagrant bad faith and callous disregard of the Federal Rules")(internal citations omitted); *Assicurazioni Generali, Spa v. Terranova*, No. 83-cv-1490, 1986 U.S. Dist LEXIS 22850, *6 (S.D.N.Y. July 15, 1986) ("[s]anctions should not be imposed, however, where the failure of a party to provide discovery is due to inability and not to willfulness or bad faith.")  Instead, Plaintiff's mere speculation and conclusory allegations that Defendants withheld emails does not warrant sanctions.  Courts in this jurisdiction have held that a party's subjective belief that an adversary is withholding documents is insufficient to support a motion to compel, let alone a motion for sanctions.  *See Carling v. Peters*, No. 10-cv-4573, 2011 WL 3678839, at *2 (S.D.N.Y. Aug. 19, 2011)("I cannot, however, issue a discovery order solely on the basis of one party's subjective belief."); *Okoumou v. Safe Horizon*, No. 03-cv-1606, 2007 WL 1597961, at *1 (S.D.N.Y. June 1, 2007)(denying motion to compel when "plaintiff has still not provided anything more than her subjective belief that defendants are withholding probative, non-privileged evidence."); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-cv-1514, 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008)(holding that a litigant's suspicion that they did not receive all of the documents requested and that the adversary had held something back "will not sustain the imposition of sanctions.")

Defendants' counsel has been forthcoming in discovery and have attested to their production of all responsive documents in their possession numerous times.  (See Pl. Mot. Sanctions Ex. H, I, and J.)  Sanctions are therefore inappropriate.  *See, e.g.*, *Balabar-Strauss v. Tartaglione*, No. 06-cv-13560, 2008 U.S. Dist. LEXIS 8520 *14-*15 (S.D.N.Y. Feb. 5, 2008)("[i]t is true of course that a party cannot be sanctioned for failing to produce documents that it does not possess and can not obtain."); *Grinblat v. City of New York*, No. 01-cv-3609,

16

2002 U.S. Dist. LEXIS 22380, *7 n.2 (S.D.N.Y. Nov. 19, 2002)("[t]he simple fact is that

defendant's counsel has first-hand knowledge of the documents in defendant's possession,

custody and control and has sworn that all documents in this category have been produced.  In

the absence of any countervailing evidence, there is simply no basis for an award of sanctions.");

*Williams v. Bank Leumi Trust Co.*, No. 96-cv-6695, 1999 U.S. Dist. LEXIS 8465, *2 (S.D.N.Y.

June 7, 1999)("[i]t is too obvious to need citation that a court cannot compel a party to produce

documents that he does not possess."); *Sobol v. E.P. Dutton, Inc.*, 112 F.R.D. 99, 102 (S.D.N.Y.

1986)(defendant "swears that she did produce all documents which were in her possession and

that any others not produced either do not exist, were not kept, were lost, or are misplaced . . .

She cannot produce, she asserts, that which does not exist or is neither in her possession nor in

her control.  If compliance is impossible, there is no basis for imposing sanctions.")

## II. Plaintiff's Objection To The Language Used In Defendants' July 27, 2012 Discovery Responses Is Untimely And Should Not Be Considered.

Plaintiff's Motion, based on the wording of Defendants' July 27, 2012 discovery

responses, is untimely because her objection was first raised on December 14, 2012 in her

Motion.  Discovery in this matter closed on September 4, 2012, over three (3) months before

Plaintiff raised this issue.  See Gershengorn Decl., Ex. 1.  However, now for the first time,

Plaintiff has raised an objection to the wording of Defendants' discovery responses.  According

to Plaintiff "[a] review of the choice wording used in Defendants' response to Ms. O'Neill's

request for her hausofgaga.com emails alone provides the clear evidence of their conscious

disregard of their [discovery] obligations."  (Pl. Mot. Sanctions, 18.)  Plaintiff alleges that

Defendants' "unilateral decision not to produce more than those emails directly between Ms.

O'Neill and Ms. Germanotta—and their careful construction of their written response to Ms.

17

O'Neill's request about her hausofgaga.com emails—was in bad faith and is sanctionable." (Pl. Mot. Sanctions, 10.)[10]

Defendants' discovery responses and objections clearly stated the documents that Defendants had in their possession. Moreover, Plaintiff's Motion fails to address Defendants' responses to Request Nos. 21 and 22 of Plaintiff's Second Request for Production of Documents, which stated that Defendants provided copies of emails received by Ms. Germanotta from any employee of Mermaid Touring, Inc. and/or Team Tours, Inc. referring or relating to Ms. O'Neill's employment with Mermaid Touring, Inc., as well as all emails in their possession sent by Ms. Germanotta to any employee of Mermaid Touring, Inc. or Team Tours, Inc. referring or relating to Ms. O'Neill's employment with Mermaid Touring, Inc. Defendants produced all relevant and responsive documents to all of Plaintiff's document requests, including emails on which both Plaintiff and Ms. Germanotta were recipients and others were involved and emails regarding scheduling from Ms. Morris that were received by Ms. Germanotta. See Gershengorn Decl., Ex. 6 and 7.

Plaintiff has not explained why she waited over three (3) months after fact discovery concluded and nearly five (5) months after Defendants responded to her Second Request for Production of Documents before raising a concern over the wording of Defendants' responses to two of Plaintiff's document requests, particularly given Plaintiff's assertions that the emails in question are "essential" to proving her claims (Pl. Mot. Sanctions, 5) and that she has "been prejudiced" by the nonproduction of the emails (Pl. Mot. Sanctions, 21).[11] *See Nycomed v.*

---

[10] As stated above, Defendants have fully complied with their discovery obligations and produced emails which were not directly between Plaintiff and Ms. Germanotta and which relate to Ms. Germanotta's work schedule. See, e.g., Gershengorn Decl., Ex. 7.

[11] It should be noted that, despite the fact that Plaintiff recovered additional emails during a forensic analysis of her computer, these emails have not been produced to Defendants. Instead,

*Glenmark Generics Ltd.*, No. 08-cv-5023, 2009 WL 3463912, at *2 (E.D.N.Y. Oct. 21, 2009)(declining to reopen discovery when the party seeking discovery waited until one month after fact discovery closed before seeking judicial relief despite its assertion that the testimony sought was "crucial.")  Indeed, Plaintiff concedes that "she decided not to pursue a motion to compel Defendants to conduct a further exploration of her hausofgaga.com emails."  (Pl. Mot. Sanctions, 8.)

Plaintiff cannot sustain a motion for sanctions based on allegations first raised long after the close of discovery, without ever mentioning her concerns to Defendants, having never sent a deficiency letter to correct the alleged flaws in the wording of Defendants' discovery responses, and without making a motion to compel.  *See Glaves-Morgan v. City of New York*, No. 11-cv-1248, 2012 WL 951859, at *2 (S.D.N.Y. Mar. 21, 2012)(denying plaintiff's motion for sanctions when "[s]he never moved to compel and indeed never even sought a conference with the Court" regarding defendant's alleged failure to comply with discovery requests and discovery had closed six weeks before plaintiff moved for sanctions.)  Accordingly, Plaintiff's Motion should be denied as untimely.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Sanctions should be denied in its entirety.

---

Plaintiff has provided Defendants with some of those documents.  It is unclear whether additional documents are in Plaintiff's possession.  Gershengorn Decl., Ex. 9.

19

Dated: New York, New York
         January 14, 2013                              PROSKAUER ROSE LLP


                                             By:      /s/ Steven D. Hurd
                                                   Steven D. Hurd
                                                   Brian J. Gershengorn
                                                   Eleven Times Square
                                                   New York, NY 10036
                                                   (212) 969-3000
                                                   shurd@proskauer.com
                                                   bgershengorn@proskauer.com
                                                   *Attorneys for Defendants*

20