USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER O'NEILL,

                        Plaintiff,

    - against -

MERMAID TOURING INC. AND STEFANI
JOANNE GERMANOTTA, a/k/a "LADY
GAGA,"

                        Defendants.

**ORDER**

11 Civ. 9128 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Non-Party Terry Richardson has moved for reconsideration of this Court's December 3, 2012 Order (the "Order") (Dkt. No. 37) granting in part and denying in part his motion to quash a subpoena directed at him. For the reasons stated below, Richardson's motion for reconsideration will be denied.

## BACKGROUND

      On June 7, 2012, Plaintiff filed an Amended Complaint against Defendants Mermaid Touring, Inc. and Stefani Germanotta, a/k/a "Lady Gaga." (Cmplt. (Dkt. No. 13)) Plaintiff was employed as a personal assistant to Germanotta in early 2009, and between February 5, 2010 and her termination on March 5, 2011. (Id. ¶ 20) Plaintiff asserts three causes of action: (1) violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") for Defendants' alleged failure to pay overtime wages; (2) violation of New York Labor Law, §§ 190 et seq. ("NYLL") for Defendants' alleged failure to pay overtime wages; and (3) violation of the NYLL, 12 N.Y.C.R.R. § 142-2.4, for Defendants' alleged failure to pay an additional hour's pay at the minimum hourly rate for each day in which she worked ten or more

hours. (Cmplt. ¶ 34-49). Plaintiff alleges that she was "expected to be working and/or on call every hour of every day" during her employment at Mermaid (Cmplt. ¶ 19) and, as a result, she is owed overtime pay for every hour of every day beyond forty-hours per week for every week of her employment. (Cmplt. ¶ 22)

On August 16, 2012, Plaintiff's counsel served a subpoena on non-party Terry Richardson directing him to produce "copies of all photographs, including 'proofs,' taken of Stefani Germanotta, a/k/a 'Lady Gaga,' Ms. Germanotta's staff, and of any other person or object during the period February 5, 2010 through March 5, 2011, including during the 'Monster Ball Tour,' in digital or other electronic format." (Gershengorn Dec. (Dkt. No. 22) at Ex. A) Terry Richardson is a friend of Germanotta and took photographs of her during the Monster Ball Tour. (Germanotta Dep. 165:5-12) Germanotta testified that it is possible that some of the photographs taken by Richardson during the Monster Ball Tour may depict Plaintiff. (Germanotta Dep. 165:13-20) Some of the photographs taken of Germanotta by Richardson were used in his book, <u>Lady Gaga X Terry Richardson</u>. (Richardson Decl. ¶ 9) Richardson moved to quash the subpoena. (Dkt. No. 19)

In his motion to quash, Richardson set forth three arguments why the subpoena should be quashed. He argued that (1) the subpoena is overbroad; (2) it seeks documents that are irrelevant to the litigation; and (3) the subpoena is harassment under the circumstances. (Richardson Motion to Quash (Dkt. No. 20)) In response, Plaintiff claimed that the photographs would show her working, what she was doing, and the time and place she was working. (Plt. Opp. Motion to Quash (Dkt. No. 29) 6) Further, Plaintiff contends that because the Defendants did not maintain time records, the photographs are necessary to fill in the gaps in time that the other evidence does not address. (<u>Id.</u> at 1-2)

2

On November 28, 2012, the Court heard argument and ruled on the matter. The Court concluded that "given the broad test that applies to pretrial discovery . . . photographs showing the plaintiff with Ms. Germanotta on tour and perhaps performing work tasks could be relevant to plaintiff's claims." (Nov. 28, 2012 Tr. at 25) The Court also noted "that Mr. Richardson . . . hasn't demonstrated to [the Court] that there is any significant burden in producing the photographs." (Id.) The Court provided Richardson with the option of reviewing the entire set of photographs from the tour and producing only those depicting the Plaintiff and Germanotta or producing the entire set from the tour. (Id. at 26; see Dec. 3, 2012 Order (Dkt. No. 37))

On December 12, 2012, Richardson moved for reconsideration of the Court's December 3, 2012 Order directing him to produce certain photographs. (Dkt. No. 41)

## DISCUSSION

### I.   LEGAL STANDARD

A motion for reconsideration is "an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources,'" In re Initial Public Offering Sec. Litig., 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)), and may be granted only where a court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion'" and which, if examined, might reasonably have led to a different result. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to

the Court.'" Christoforou v. Cadman Plaza N., Inc., No. 04 Civ. 08403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009) (quoting Shamis, 187 F.R.D. at 151). "The decision to grant or deny a motion for reconsideration or reargument is in the 'sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion.'" Wechsler v Hunt Health Sys., Ltd., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)).

## II.   ANALYSIS

### A.   The Court Properly Applied the Undue Burden Standard

Richardson first argues that the Court "misconstrued the 'undue burden' standard applicable to Rule 45 non-party subpoenas by directing a non-party to either suspend the operation of his business to spend 'weeks' reviewing images in order to locate the image of Plaintiff depicted with Ms. Germanotta, or to produce tens of thousands of proprietary, personal and private images that are irrelevant to this lawsuit." (Richardson Br. (Dkt. No. 42) 1) Plaintiff argues that "Defendants fail to proffer any controlling decisions that that this Court overlooked, or new facts which would change the result." (Plt. Br. (Dkt. No. 45) 4)

Here, Richardson improperly seeks to relitigate an issue that has already been decided by the Court. Christoforou, 2009 WL 723003, at *7. "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion . . . the motion for reconsideration must be denied." Mikol v. Barnhart, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008). Disagreement with a court's ruling is not a basis for reconsideration. Faulkner v. National Geographic Soc'y, 296 F. Supp. 2d 488, 490 (S.D.N.Y. 2003).

4

Richardson's argument that the Court erred in offering him an option – produce the entire set of photographs or just those depicting Plaintiff and Defendant Germanotta – is misguided.[1] The Court attempted to accommodate Richardson, a non-party to this action, by alleviating the alleged burden of reviewing the entire set of images of the tour. The Court's attempt to relieve Richardson's claim of burden provide no basis for overturning the Court's discovery ruling. To the extent that Richardson is concerned about the use of his photos for purposes other than this litigation, a protective order is already in place (see Dkt. No. 12, ¶ 14) that would bar such use if Richardson designates his photographs as "Confidential Discovery Material." Under the terms of the protective order, "Confidential Discovery Material" can only be used "for the prosecution and defense of this action and any appeal thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding." (Id.) If Richardson believes that the protective order currently in place provides inadequate protection for his photographic production, he may seek a protective order directed to his photographic production. Any such application is to be made forthwith.

### B.  The Court Did Not Misapply the Relevancy Standard

Richardson next complains that the Court "misapplied the relevance standard applicable to non-party subpoena in finding the images relevant to Plaintiff's claim, as Plaintiff herself admits that neither her presence nor absence from the photographs will prove or disprove

---

[1] Richardson previously indicated that he took tens of thousands of photographs while on tour with Germanotta. (Richardson Aug. 27, 2012 Decl. (Dkt. No. 21) ¶¶ 6, 14) To the extent that he now represents that he actually took 142,000 photographs (Richardson Br. (Dkt. No. 42) 3, n.2), that is a new fact that could have been, but was not, presented before. As such, it may not be considered on a motion for reconsideration. Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y.2001)("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.") In any event, given that the images will simply be produced on a disk, Richardson has not demonstrated "undue burden."

5

whether she is actually due compensation for every hour of every day of her employment, as alleged in the Amended Complaint." (Richardson Br. (Dkt. No. 42) 1) In response, Plaintiff claims that Richardson's argument is "improper on a motion for reconsideration, as Defendants are merely challenging this Court's analysis of the law and they may not re-litigate the same arguments they offered on the original motion . . . ." (Plt. Br. (Dkt. No. 45) 10)

Again, Richardson asks the Court to reconsider an issue that has already been litigated. Counsel raises the same arguments he presented in briefing and at the November 28, 2012 oral argument. (Richardson Br. (Dkt. No. 20) 5, 6-8; Richardson Reply Br. (Dkt. No. 31) 3-4, 5-7; Nov. 28 Tr. (Dkt. No. 43) at 20-22) Renewing such arguments provides no basis for reconsideration.

## CONCLUSION

For the reasons stated above, Richardson's motion for reconsideration (Dkt. No. 41) is denied. Richardson will produce either his entire production or only responsive photographs – as he chooses – by July 14, 2013. The Clerk of Court is directed to terminate the motion. (Dkt. No. 41)

Dated: New York, New York
      July 3, 2013

                              SO ORDERED

                              _____
                              Paul G. Gardephe
                              United States District Judge