USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/13

Proskauer» Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

July 10, 2013

Steven D. Hurd
Member of the Firm
d 212.969.3985
f 212.969.2900
shurd@proskauer.com
www.proskauer.com

MEMO ENDORSED

The Application is granted.

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Dated: July 11, 2013

**By Facsimile**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
Fax: (212) 805-7986

Re: O'Neill v. Mermaid Touring Co., et al., Case No. 11-Civ-9128 (PGG)

Dear Judge Gardephe:

We write further to our letter dated yesterday (the "July 9 Letter") requesting an extension of time for non-party Terry Richardson ("Mr. Richardson") to produce photographs pursuant to Plaintiff Jennifer O'Neill's ("Plaintiff") subpoena and the Court's Order dated July 3, 2013, and in response to Plaintiff's counsel's letter urging the Court to deny our request.

Contrary to Plaintiff's counsel's assertion, we stated in the July 9 Letter (*see* p. 2, n.1) that Mr. Richardson could not, in good faith, review and produce the responsive photographs on or before July 14. Moreover, Plaintiff's counsel does not identify any prejudice to Plaintiff that would result from the requested extension. Indeed, as stated in our July 9 Letter, Plaintiff's counsel previously agreed that one month was a reasonable amount of time for Mr. Richardson to review and produce responsive photographs. Plaintiff's counsel now suggests that Mr. Richardson's request for this same amount of time should not be honored because he should have been assembling the photographs while his motion for reconsideration was pending, utterly ignoring the fact that this would have defeated the entire purpose of Mr. Richardson's motion and the burden he thereby sought to avoid.

Moreover, Mr. Richardson is a non-party whose actions in no way contributed to any delay in discovery. Rather, discovery had been completed when Mr. Richardson moved to quash the underlying subpoena in an effort to protect his proprietary photographs. Mr. Richardson has no stake in the outcome of this action and no interest in delaying discovery; he is merely a non-party who has a business to run and protect.

While we also are in the process of drafting a proposed protective order to govern Mr. Richardson's production that we intend to review with Plaintiff's counsel once we have completed the draft, this is not the primary purpose for the requested extension. When this issue was raised at the November 28, 2012 teleconference, we represented that Mr. Richardson would need two weeks of *straight time* to review the photographs and identify those which are responsive. (See Transcript of Teleconference, dated November 28, 2012, at pp. 28-29, attached.) Given Mr. Richardson's busy schedule, Plaintiff's counsel cannot reasonably expect that Mr. Richardson could block out two straight weeks of time which, in any event, would run

07/10/2013 WED 10:01 FAX Case 1:11-cv-09128-PGG Document 68 Filed 07/11/13 Page 2 of 4 003/005

Proskauer»

Hon. Paul G. Gardephe
July 10, 2013
Page 2

past the current July 14 deadline. Accordingly, we respectfully reiterate our request for one month – of which only 3 weeks remain – for Mr. Richardson to review and produce responsive photographs.

Thank you for your consideration.

Respectfully submitted,

Steven Hurd

Steven D. Hurd

Attachment

cc: Virginia K. Trunkes, Esq.

In addition, there has been no argument that Mr. Richardson doesn't know what Ms. O'Neil looks like. I don't know that anybody else would be in a better position in determining whether Mr. O'Neill is or is not --

THE COURT: I am not going to hire Mr. Richardson or a third party to go through the photographs, the take to make sure he is producing what he has been ordered to produce. That is just not the way our system works. The courts issue orders that certain materials are to be produced, and the parties have that obligation. We don't hire third parties to make sure that they're actually going to do what a court has ordered them to do. If they don't do what they're told to do, there are obviously sanctions, including contempt sanctions that can be imposed where there was an intentional decision made to disobey a court order. I am not going to require the defendants or Mr. Richardson to pay for a third party to do this, to do this search and selection.

Now, as to time period, Mr. Hurd, do you have a sense of how long it would take to do this?

I am not going to give you a long time, so why don't we start with that. I want this matter resolved quickly. We're at the end. We are past the discovery deadline at this point, so I don't want this to delay the case.

MR. HURD: I appreciate that, your Honor, and that was why I asked the question because I don't know what

Mr. Richardson's schedule is. He has represented it would take him a couple of weeks straight time in order to review them all, and I don't know what his schedule is particularly given the fact the holidays are coming up.

I would request at least a month for him to do so, which actually leads me to my other question on your order, which is if we were to elect -- if it is too burdensome for him to do the whole thing -- elect to provide plaintiff's counsel with all of the photographs, and again we haven't made a decision on that, having just gotten your order, but if we to do that, I appreciate your Honor said they would have to return the photographs that don't depict Ms. O'Neil after the case, but my question is whether any photographs other than those that depict Ms. O'Neil would be fair game for them to be used in this case?

THE COURT: Well, I think -- and you correct me if I am wrong, counsel -- that the request was made going back, as I understand it, for photographs that showed Ms. Germanotta with the plaintiff during the period of this 13-month tour. Was your request broader than that, Ms. Trunkes?

MS. TRUNKES: Yes, it was broader than that, although it wasn't as broad as to include other people not connected with Ms. Germanotta and her tour. We didn't want to unnecessarily narrow it to just pictures of Ms. O'Neil if perhaps there were some relevant photos that did not contain