**Proskauer》》**  Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____         │
│ DATE FILED: 8│13│13         │
└─────────────────────────────┘
```

Steven D. Hurd
Member of the Firm
d 212.969.3985
f 212.969.2900
shurd@proskauer.com
www.proskauer.com

August 5, 2013

**MEMO ENDORSED**

*This application is denied.*

**BY HAND**
**(To Court Security Officer, 500 Pearl Street, Worth Street Entrance)**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**SO ORDERED:**

*Paul G. Gardephe*

**Paul G. Gardephe, U.S.D.J.**

Dated:  *August 12, 2013*

Re:  O'Neill v. Mermaid Touring Inc. et al., No. 11-Civ-9128

Dear Judge Gardephe:

We write on behalf of Non-Party Terry Richardson to seek the Court's assistance regarding certain disputes with Plaintiff with respect to a proposed Stipulated Confidentiality Agreement and Protective Order Concerning Non-Party Terry Richardson. We submit this letter separately from Plaintiff pursuant to the Endorsed Letter signed by the Court on August 2, 2013.[1]

**Background**

Plaintiff served a document subpoena on Mr. Richardson on August 6, 2012. Mr. Richardson moved to quash the subpoena. On December 3, 2012, the Court denied the motion to quash and directed Mr. Richardson to produce photographs responsive to the subpoena. Mr. Richardson moved for reconsideration and/or reargument of the December 3, 2012 Order. On July 3, 2013, the Court denied this motion and directed Mr. Richardson to produce the photographs by July 14, 2013. In the July 3 Order, the Court stated that "[i]f Richardson believes that the protective order currently in place provides inadequate protection for his photographic production, he may seek a protective order directed to his photographic production." (July 3, 2013 Order at 5.)

Thereafter, on July 9, Mr. Richardson sought an extension for the production of the photographs. On July 11, while Mr. Richardson's extension request was pending, counsel for Mr. Richardson

---

[1] As stated in our letter to the Court dated August 2, 2013, the parties attempted to draft a joint letter (the "Joint Letter") addressing these disputes, but Plaintiff's counsel refused to sign the Joint Letter unless we agreed to make changes to Mr. Richardson's portion of same.

Proskauer»

Hon. Paul G. Gardephe
August 5, 2013
Page 2

sent a proposed protective order to Plaintiff's counsel. Later that same day, the Court granted
Mr. Richardson's extension request – to August 3.

Since that time the parties have attempted to negotiate a mutually agreeable protective order to
present to the Court. Several issues remain in dispute, however, prompting this letter. Counsel
have agreed that in the event they could not agree on a protective order or such an order was not
approved by the Court prior to the production deadline, Plaintiff's counsel would keep the
production confidential for her eyes only until the Court ruled.

For the Court's convenience, Mr. Richardson's draft of a proposed protective order is attached as
Exhibit A (the "Richardson Draft"), and Plaintiff's marked-up version of the proposed protective
order is attached as Exhibit B (the "Plaintiff Draft").

**Preliminary Statement**

Mr. Richardson is a non-party to this action whose participation has been compelled wholly by
virtue of Plaintiff's subpoena to him. As a professional photographer, Mr. Richardson's business
and livelihood depend on the value of his photographs, which in turn depends in significant part
on the proprietary, confidential, and non-public nature of such photographs until he decides to
reveal such photographs and at what price. As such, disclosure of the photographs could
potentially expose Mr. Richardson – who had no involvement in or potential liability for the
alleged events giving rise to Plaintiff's claims – to immeasurable financial loss. Unlike material
designated as confidential by the parties in the action, which confidentiality (if any) derives from
the content of such material, the photographs here are inherently confidential because they are
proprietary and non-public, which in turn enhances their value. It is for these reasons that Mr.
Richardson seeks greater protection than that afforded under the existing Protective Order dated
June 6, 2012 for material designated as confidential by the parties.

Moreover, Plaintiff cannot identify any countervailing interest that would necessitate the changes
to the Richardson Draft that are embodied in the Plaintiff Draft. In her draft of the Joint Letter,
Plaintiff assumed – with no factual basis whatsoever – that the photographs at issue were
"rejected" by Mr. Richardson and have no artistic or financial value. Plainly, this bald assertion
is incorrect; indeed, the potential loss of value should the photographs be disclosed is the very
reason that Mr. Richardson seeks greater protection than that embodied in the June 2012
Protective Order. Otherwise, Mr. Richardson runs the risk that, like material designated
confidential and filed by Plaintiff in this action, his photographs will be disclosed to the public
notwithstanding the June 2012 Protective Order.

# Proskauer»

Hon. Paul G. Gardephe
August 5, 2013
Page 3

## **Specific Disputed Items**

### To Whom Photographs May Be Disclosed (Paragraph 6)

In consideration of Plaintiff's counsel's request, counsel for Mr. Richardson agreed to include "outside vendors or service providers" among the list of individuals to whom the photographs may be disclosed. The Plaintiff Draft seeks to include "experts retained as witnesses or to provide specialized advice to counsel in connection with this action" in this list. Discovery in this matter is closed, and Plaintiff has never identified any retained expert. Moreover, given Plaintiff's representation to the Court in seeking the photographs that she needs them to establish what Plaintiff was doing for Ms. Germanotta, there is no basis for an "expert" to review such photographs.

In drafting the Joint Letter, Plaintiff seemed to confuse the notion of a lay "expert" in a given field with that of an expert witness. Even assuming Plaintiff would need to engage the services of an individual to enhance the photographs, this person would not be an "expert witness" as that term is used in legal proceedings. Moreover, such individual would be permitted to review the photographs, subject to the conditions in the protective order, as an outside vendor or service provider. Thus, there is no need to also include expert witnesses on the list of individuals to whom the photographs may be disclosed.

Accordingly, we respectfully request adoption of the version of Paragraph 6 contained in the Richardson Draft.

### Conditions on Disclosure to Outside Vendors and Service Providers (Paragraph 7)

During the July 26, 2013 telephone conference, Plaintiff's counsel suggested as a compromise for including outside vendors and service providers among those to whom disclosure may be made that such disclosure be subject to Plaintiff's providing five (5) days' notice to counsel for Mr. Richardson and that any such vendors or service providers sign a non-disclosure agreement. Accordingly, the Richardson Draft provided for these conditions in Paragraph 7, with the additional condition that Plaintiff's counsel would refrain from making such disclosure pending a determination on any timely opposition by Mr. Richardson.

In the Plaintiff Draft, Plaintiff deletes the five-day notice requirement and the (temporary) restriction on disclosure in the event of Mr. Richardson's opposition. There is no justification for these deletions. First, the five-day notice requirement, as described above, was suggested by Plaintiff's counsel herself. This short notice period would not unduly prejudice Plaintiff because Mr. Richardson would need to act swiftly in order to contest the disclosure. It would, however, enable Mr. Richardson to make such an opposition. Under the Plaintiff Draft, there is essentially no restriction on Plaintiff's disclosure to vendors and service providers, thus rendering any opposition effectively impossible. Second, and similarly, without the (temporary) restriction on disclosure in the event of Mr. Richardson's opposition, Plaintiff could make such disclosure

Proskauer≫

Hon. Paul G. Gardephe
August 5, 2013
Page 4

immediately upon serving written notice – to anyone Plaintiff deems a vendor or service provider. The obvious purpose of such notice, however, is to provide Mr. Richardson an opportunity to contest the disclosure. Mere written notice, without more, provides no protection whatsoever to Mr. Richardson, and defeats the purpose of having any notice requirement.

The version of Paragraph 7 contained in the Richardson Draft satisfies the goals of both parties. Where the Court finds that disclosure is appropriate, Plaintiff would experience at most a minimal delay in effecting such disclosure pending the Court's determination on any opposition by Mr. Richardson. At the same time, Mr. Richardson would have a realistic – but circumscribed – opportunity to contest such disclosure; not, as Plaintiff suggested in the draft Joint Letter, a veto power to choose which vendors Plaintiff could hire. Where the Court finds that disclosure is not appropriate, of course, there is no prejudice to Plaintiff because the disclosure would not occur in any event.

The Plaintiff Draft, however, fails to provide Mr. Richardson with any opportunity to contest the disclosure, without any countervailing justification. We therefore respectfully request that the Court approve of the version of Paragraph 7 contained in the Richardson Draft.

Filing Under Seal (Paragraph 8)

Given Mr. Richardson's financial interest in maintaining the confidentiality and privacy of his proprietary photographs, the Richardson Draft provides that any filing of such photographs be made under permanent seal until Mr. Richardson discloses them to the public. Understanding that Mr. Richardson is not a party to this action, and that the photographs are his property and disclosure of those photographs to the public eliminates their value, there are no circumstances under which the photographs should be filed without being sealed. To do so would effectively and unnecessarily take the value of the photographs from Mr. Richardson for the sake of this case.

Plaintiff's counsel objects to this approach. During the July 26 telephone conference, Plaintiff's counsel indicated that her primary concern with this approach was that it appeared to prevent the use of such photographs at trial. While we disagree that the initial draft proscribed the use of the photographs at trial, in an effort to address this concern, the Richardson Draft explicitly states that this paragraph "is not intended to prevent the use of the Confidential Photographs at trial, provided, however, that counsel give written notice to counsel for Richardson as soon as reasonably possible in advance of trial to enable the parties to meet and confer concerning such use and, if necessary, to obtain a ruling for the Court with respect to such use." This provision does not – as Plaintiff's counsel persistently contended through the aborted drafting of the Joint Letter – prevent Plaintiff from introducing the photographs at trial without Mr. Richardson's provision. Thus, this concern is entirely unfounded.

Putting aside the use of the photographs at trial, Plaintiff's counsel has not identified any other reason why Mr. Richardson's photographs should not be filed, and remain, under seal. The

# Proskauer»

Hon. Paul G. Gardephe
August 5, 2013
Page 5

Plaintiff Draft, on the other hand, would require Mr. Richardson – a non-party – to continually expend resources to protect his proprietary photographs from disclosure whenever Plaintiff seeks to file or use such photographs in this action. There is no justification for placing such a burden on a non-party with no interest in this action. Indeed, this is the primary reason that the existing protective order does not adequately protect Mr. Richardson's interests. While Mr. Richardson bears some responsibility to justify the protection required for his photographs, he is only here because Plaintiff subpoenaed his marginally relevant photographs. Plaintiff's subpoena should not accord Plaintiff carte blanche to do whatever she pleases with Mr. Richardson's photographs while placing the burden on Mr. Richardson to prevent such abuse.

For these reasons, we respectfully request that the Court approve of the version of Paragraph 8 contained in the Richardson Draft.

Disclosure Pursuant to Subpoena (Paragraph 13)

As a compromise following the July 26 meet and confer, we agreed to insert Paragraph 13 concerning disclosure of the photographs pursuant to a subpoena on a party to this action. The Richardson Draft provides that the subpoenaed party provide immediate notice to counsel for Mr. Richardson, and that in the event that Mr. Richardson opposes compliance with the subpoena, such party would not produce any confidential photographs unless and until such opposition is denied. The Plaintiff Draft provides for notice "as soon as reasonably possible." Moreover, the Plaintiff Draft would restrict such disclosure only once Mr. Richardson obtains an order quashing the subpoena, and even then only if the order issued within the time allowed under the request. This unreasonable position demonstrates that Plaintiff's true goal is to expose the photographs to the public. There is no legitimate basis for Plaintiff to attempt to impose on Mr. Richardson the burden and risk of his photographs being disclosed if the Court does not act quickly enough.

To illustrate the differences in these two approaches, and the inherent unfairness of Plaintiff's position, it is helpful to consider the following examples. Under the Plaintiff Draft, Plaintiff could disclose the photographs pursuant to subpoena unless Mr. Richardson obtains an order to the contrary within the time frame for a response to the request. Thus, if Mr. Richardson does not have sufficient time to contest such disclosure, or if the court to which he directs such opposition does not rule prior to the time for a response, then Mr. Richardson is simply out of luck. Moreover, while Plaintiff must provide Mr. Richardson with written notice of the request "as soon as reasonably possible", reasonable minds could differ over the application of this time limitation, and Plaintiff thereby retains considerable control over the timing of such notice. In contrast, in order to prevent the disclosure of his proprietary photographs and resulting damage to his business, Mr. Richardson would need to obtain an order within a time frame that is largely beyond his control. Accordingly, as with Plaintiff's proposed changes to Paragraph 7 concerning disclosure to vendors and service providers, the "protection" in Paragraph 13 of the Plaintiff Draft in reality provides little or no protection at all. The Plaintiff Draft essentially creates a presumption that Plaintiff may disclose Mr. Richardson's photographs pursuant to subpoena,

Proskauer»

Hon. Paul G. Gardephe
August 5, 2013
Page 6

subject to Mr. Richardson's obtaining a contrary order within a time frame that is at best unlikely
and at worst impossible.

Under the Richardson Draft, Plaintiff could still comply with any subpoena, but Mr. Richardson
would have a realistic opportunity to contest the disclosure. Thus, Plaintiff would not be
disadvantaged in any way whatsoever. Even the fear of contempt is not a legitimate excuse
because Plaintiff could rely on the instant protective order (in the form of the Richardson Draft)
to withhold disclosure until a ruling on Mr. Richardson's opposition.

We therefore respectfully request adoption of the version of Paragraph 13 contained in the
Richardson Draft.

Retention of Archival Copies (Paragraph 15)

Plaintiff's counsel requested the insertion of language permitting attorneys to retain the
photographs at issue in their archival materials. During the July 26 meet and confer, Plaintiff's
counsel did not provide any reason why this language would be necessary except to say that
attorneys generally maintain all case files even after the closure of a case. Accordingly, we did
not include language in the Richardson Draft permitting Plaintiff's counsel to retain an archival
copy of the photographs. Again, these photographs are the property of Mr. Richardson. Plaintiff
and/or her counsel are not entitled to retain his property at the conclusion of the case. Instead,
Mr. Richardson should be returned to the position he enjoyed before this case as the sole
possessor of his proprietary photographs.

We therefore respectfully request that this language be excluded from the subject protective
order. As described above, Mr. Richardson has a significant financial interest in maintaining the
proprietary and private nature of the photographs. The risk of additional disclosure attendant to
counsel's retention of archival copies of the photographs – however minimal – outweighs
counsel's incidental interest in such retention because of the damage that would result to Mr.
Richardson in the event of such disclosure.

\*       \*       \*

In view of the foregoing, we respectfully request that the Court adopt the Richardson Draft of the
proposed Protective Order Concerning Non-Party Terry Richardson. Thank you for your
consideration of this matter.

Respectfully submitted,

Steven D. Hurd

Proskauer≫

Hon. Paul G. Gardephe
August 5, 2013
Page 7

Enclosures

cc: Virginia K. Trunkes