USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 14, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER O'NEILL,

                Plaintiff,

- against -

MERMAID TOURING INC. AND STEFANI
JOANNE GERMANOTTA, a/k/a "LADY
GAGA,"

                Defendants.

**ORDER**

11 Civ. 9128 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This lawsuit is based on the Defendants' alleged failure to pay overtime and premium wages in violation of the Fair Labor Standards Act and the New York Labor Law. (See Am. Cmplt. (Dkt. No. 13)) Plaintiff Jennifer O'Neill has moved for sanctions, pursuant to Fed. R. Civ. P. 26(g) and 37(c)(1), claiming that Defendants failed to produce in discovery certain relevant email sent to Plaintiff and Germonatta. (Plt. Mot. Sanctions (Dkt. No. 48); Plt. Br. 9) Defendants respond that they have produced every relevant and responsive email in their possession. (See Gershengorn Decl., Ex. 7)

        Plaintiff claims that a forensic analysis of her laptop computer indicates that additional emails from Plaintiff's work email account are available to Defendants, but Defendants "intentionally, and unilaterally, opted not to produce them." (Plt. Br. 8-9) The emails allegedly withheld are emails in which both Germonatta and O'Neill are recipients. (Id. at 9) Plaintiff claims that Defendants must have access to these emails because they are stored on Germonatta's email account. (Id. at 9-10) Defendants argue, however, that "the fact that Plaintiff found additional emails through a forensic analysis of her own computer does not mean

Defendants withheld any emails. . . . Germonatta's email account is a Google web-based account and any emails that . . . Germonatta deleted were only preserved for 30 days." (Def. Br. 14; see also Trunkes Decl., Ex. J.; Campbell Decl. ¶¶ 6-7). Defendants also represent that "[t]o the extent that . . . Germonatta deleted any emails, such deletions were made well before Defendants had any obligation to preserve documents." (Def. Br. 14)

Plaintiff has not offered any evidence that Defendants have withheld responsive emails, or that they destroyed emails after an obligation to preserve email had arisen. The fact that certain email was recovered from Plaintiff's laptop computer does not demonstrate that the same, or different, email is recoverable from Defendants' server, which automatically disposes of deleted emails after 30 days. (Campbell Decl. ¶¶ 6-7) Accordingly, it is hereby ORDERED that Plaintiff's motion for discovery sanctions pursuant to Fed. R. Civ. P. 26(g) and 37(c)(1) is denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 48)

Dated: New York, New York
August 13, 2013

SO ORDERED

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge