## LAW OFFICES OF
## SNITOW KANFER & HOLTZER, LLP
575 LEXINGTON AVENUE, SUITE 1400
NEW YORK, NEW YORK 10022-6102

TELEPHONE: (212) 317-8500
FACSIMILE: (212) 317-1308
WWW.SKHLLP.COM

FRANKLYN H. SNITOW
STEWART J. EPSTEIN
MARK M. HOLTZER
KENNETH A. KANFER
DANIEL I. KAMINETSKY
ALISON M. TRAINOR
VIRGINIA K. TRUNKES
ALAN V. KLEIN
ELLIOT J. ROSNER

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/13

BY FACSIMILE
(212) 805-7986

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re: <u>O'Neill v. Mermaid Touring Inc., No. 11-Civ-9128</u>

Dear Judge Gardephe:

I am writing to address several problems that have already arisen concerning the Richardson photographs which were delivered on August 5, 2013.

First, in this Court's decision on the record on November 28, 2012, your Honor ordered that the photographs "will be produced in electronic form" through "a disc that contains all the photographs." Trsc. pp. 25, lines 18-19; 26, lines 13-14, 18. This ruling is consistent with the request within the subpoena that the photographs be produced "in digital or other electronic format." <u>See</u> enclosed subpoena.

Mr. Richardson disregarded that directive and produced photographs printed on paper, with no accompanying disc or flash drive. Yesterday, I wrote to defendants' attorneys about this issue but they did not respond or deliver a disc.

The primary purpose of producing the photographs in digital format is so that the date and time of each can be readily ascertained. This information will obviate unnecessary factual disputes and make it easier for the jury to make informed decisions about the heart of this wage and hour case. Your Honor's July 3, 2013 written decision reciting Ms. O'Neill's argument that "the photographs would show her working, what she was doing, and the time and place she was working" (p. 2) further supports this Court's and the parties' understanding that production in digital format was necessary for that reason.

---

*Handwritten memo endorsement:*

August 7, 2013

Defendants have since produced the photos in PDF form. This is adequate for purposes of discovery. Defendants have also provided an Excel spreadsheet showing the dates and times each photograph was taken. As to the watermarks, the insertion of this material was not authorized by the Court and is distracting. Nonetheless, for purposes of discovery, photographs bearing the watermark are adequate. In the event that this case proceeds to trial, Mr. Richardson will be ordered to produce versions of the photographs that do not bear the watermark, to the extent that these photographs will be trial exhibits.

**SO ORDERED:**

Paul G. Gardephe, U.S.D.J.

Aug 14, 2013

SNITOW KANFER & HOLTZER, LLP

Hon. Paul G. Gardephe
August 7, 2013
Page Two

      Mr. Richardson's document production, without digital support, however, does not enable us to ascertain the dates and times of any of those photographs. Leaving the time and dates of crucial evidence to the subject of debate will only increase the number of disputes facing the jury and to be decided on credibility alone. This will create unnecessary chaos and is unfair to Ms. O'Neill who is entitled to receive the photographs in electronic format.

      Second, the purpose of the production in electronic format is to avoid exactly what occurred with the photographs that were produced. On each of the 1262 photographs, over the entire length and width, there is a legend in large white letters which states:

JULY 17, 2013
TERRY RICHARDSON

On the vertical photographs, this legend is stated twice, i.e., as set forth below:

JULY 17, 2013
TERRY RICHARDSON
JULY 17, 2013
TERRY RICHARDSON

      These legends are not only blatantly distracting, but they render certain photographs, such as those containing multiple people and those with dark backgrounds, useless.

      In negotiating Mr. Richardson's proposed protective order, counsel stipulated to a provision that "Richardson or his counsel may designate Photographs as 'Confidential' by stamping or otherwise clearly marking as 'Confidential' such Photographs <u>in small print on the bottom right of the Photograph</u>." (Emphasis added.) While the photographs produced each contain a small letter stamp which is consistent with that provision, the large, white-lettered imprints render that provision moot.

      Finally, it appears that Mr. Richardson failed to produce all of the responsive photographs. With the exception of a handful, the photographs we received were taken right before, during, or after a concert or other public appearance. However, our client specifically recalls Mr. Richardson's camera rolling during hours when Ms. Germanotta was not in public, i.e., in her suite where it is undisputed Ms. O'Neill slept as well. Indeed, a substantial amount of the 450 photographs in Mr. Richardson's book *Lady Gaga X Terry Richardson* (2011) – some of which we annexed as exhibits in our opposition to the motion to quash (Ex. "L") – were taken of Ms. Germanotta in instances where she was not performing, e.g., in a bed, with no makeup, in a shower cap, sleeping, brushing her teeth, doing yoga, in a jacuzzi, etc. It is highly curious that while Ms. O'Neill was constantly beside Ms. Germanotta, including regularly sleeping in the

SNITOW KANFER & HOLTZER, LLP

Hon. Paul G. Gardephe
August 7, 2013
Page Three

same bed, and Mr. Richardson has many other photographs taken of Ms. Germanotta in her suite or other private location, Ms. O'Neill does not appear in any of them.

Of course, this is not the first time that defendants failed to adhere to discovery allegations. Last year, the defendants produced only emails that they wanted to produce, not what the F.R.C.P. required them to produce. We believe that the defendants' similar actions here are transparent and that the Court will see through everything they have done with respect to the proposed Richardson protective order and their production of photographs. For now, we ask your Honor to order Mr. Richardson to re-produce and add all responsive photographs in digital format – without any legends or other material included therein.

Thank you for your consideration.

Respectfully submitted,

SNITOW KANFER
& HOLTZER, LLP

Virginia K. Trunkes

cc: Steven D. Hurd, Esq.
Andrew E. Rice, Esq.
(Both by facsimile)